Terry WILLIAMS and Sarah
E.R. Williams, Debtors.

Terry Williams, Plaintiff,

v.

Sears, Roebuck and Co., Defendant.

No. CV199–168.

United States District Court,
S.D. Georgia,
Brunswick Division.

Jan. 19, 2000.

## ORDER

ALAIMO, Senior District Judge.

Defendant, Sears, Roebuck, and Co., ("Sears"), has moved, pursuant to Rules 12(b)(1) and 23(d)(4) of the Federal Rules of Civil Procedure, to dismiss Plaintiff's Class Action counts for want of jurisdiction. After careful consideration of the Defendant's Motion, and Plaintiff's Response thereto, the Court will **GRANT** Defendant's motion in part, and **DENY** it in part.

1. A reaffirmation agreement, if entered into between the creditor and the debtor in accord with the requirements of 11 U.S.C. § 524(c), allows a creditor to collect otherwise dischargeable, prebankruptcy debt from a debtor. Reaffirmation agreements are in tension with the Bankruptcy Code's "fresh start" policy. For that reason, reaffirmation agreements are of no effect unless they satisfy both the substantive requirements of the Bankruptcy Code under § 524(c), and the procedural requirement under § 524(d) to hold a hearing where the bankruptcy judge explains to the debtor, among other things, the debtor's right to refuse to enter a reaffirmation agreement.

Section 524(c) provides, *inter alia*, that:

An agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title is enforceable only to any extent enforceable under applicable nonbankruptcy law ... only if—
(1) such agreement was made before the granting of discharge under ... this title;
(2) such agreement contains a clear and conspicuous statement which advises the debtor that the agreement may be rescinded at any time prior to discharge or within sixty days after such agreement is filed with the court ... by giving notice of rescission to the holder of such claim;
(3) such agreement has been filed with the court and, if applicable, accompanied by a declaration or an affidavit of the attorney that represented the debtor during the course of negotiating an agreement under this subsection, which states that such agreement—
(A) represents a fully informed and voluntary agreement by the debtor; and,
(B) does not impose an undue hardship on the debtor or a dependent of the debtor;

## BACKGROUND

Plaintiff, Terry Williams, filed a petition for relief under Chapter 7 of the Bankruptcy Code on January 30, 1998 in the Augusta Division of the United States District Court for the Southern District of Georgia, thereby commencing this bankruptcy case. Plaintiff subsequently entered into a reaffirmation agreement with Sears which was filed with the Bankruptcy Court on March 4, 1998.[1] On or about March 12, 1998, Sears rescinded that reaffirmation agreement. Williams subsequently obtained a discharge pursuant to

(4) the debtor has not rescinded such agreement at any time prior to discharge or within sixty days after such agreement is filed with the court ... by giving notice of recission [*sic*] to the holder of such claim;
(5) the provisions of subsection (d) of this section have been complied with; and,
(6)(A) in a case concerning an individual who was not represented by an attorney during the course of negotiating an agreement under this subsection, the court approves such agreement as—
(i) not imposing an undue hardship on the debtor or a dependent of the debtor; and,
(ii) in the best interest of the debtor.
11 U.S.C. § 524(c).
Section 524(d) provides that:
In a case concerning an individual ... [i]f a discharge has been granted and the debtor desires to make an agreement of the kind specified in subsection (c) of this section, then the court shall hold a hearing at which the debtor shall appear in person and at such hearing the court shall—
(1) inform the debtor—
(A) that such an agreement is not required under this title, under nonbankruptcy law, or under any agreement not made in accordance with the provisions of subsection (c) of this section; and,
(B) of the legal effect and consequences of—
(i) an agreement of the kind specified in subsection (c) of this section; and
(ii) a default under such an agreement;
(2) determine whether the agreement that the debtor desires to make complies with the requirements of subsection (c)(6) of this section, if the consideration for such agreement is based in whole or in part on a consumer debt that is not secured by real property of the debtor.

11 U.S.C. § 524 on May 27, 1998. His bankruptcy case was closed on June 5, 1998. On July 30, 1998, he requested that his case be reopened. His motion was granted by Order of the Bankruptcy Court on August 12, 1998.

Plaintiff immediately filed an adversary proceeding against Sears (the "First Adversary Proceeding") wherein Plaintiff alleged that Sears had violated the discharge injunction provided by the Bankruptcy Code, 11 U.S.C. § 524. Williams subsequently sought to amend his complaint on November 30, 1998, to add allegations that Sears also had violated the automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362, · and the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.* The Bankruptcy Court granted Plaintiff's Motion to Amend Complaint on January 21, 1999.

Sears requested a jury trial on Plaintiff's TILA claim. Because bankruptcy courts in the Southern District of Georgia are not authorized to conduct jury trials, Sears filed a motion to Withdraw the Reference of the First Adversary Proceeding on July 26, 1999. The Court granted Sears' Motion and withdrew the reference on October 6, 1999.

Sears had filed a Motion to Dismiss Plaintiff's Complaint with the Bankruptcy Court on October 9, 1998. At that time, the only count alleged by Plaintiff was a violation of § 524. On September 3, 1999, the Bankruptcy Court dismissed Plaintiff's § 524 claim on the grounds that Plaintiff's remedy for any violation of this provision lay in an action for civil contempt, pursuant to § 105(a) of the Bankruptcy Code.[2] It also held, however, that Plaintiff's counts

alleging that Sears had violated TILA and the automatic stay survived Defendant's Motion to Dismiss. Defendant challenges that portion of the Bankruptcy Court's Order in the instant motion.

Following the instructions of the Bankruptcy Court, Williams filed another adversary proceeding in the Bankruptcy Court on October 13, 1999 (the "Second Adversary Proceeding"), seeking damages for contempt under § 105 of the Bankruptcy Code arising out of Defendant's violation of § 524. The facts alleged in both adversary proceedings are essentially identical. At a status conference on October 26, 1999, regarding the First Adversary Proceeding, the parties agreed to withdraw the reference as to the Second Adversary Proceeding. Defendant now seeks dismissal of the class action components of Plaintiff's Amended Complaint alleging violations of §§ 362 and 524 of the Bankruptcy Code and the TILA.

*DISCUSSION*

■ In this bankruptcy action, Plaintiff seeks relief not only for himself, but for a nationwide class of similarly situated debtors, all of whom allegedly have been subject to the same unlawful treatment by Sears.[3] At issue is whether the Court has jurisdiction to hear the claims asserted by Plaintiff on behalf of the putative class members. This is a novel question for which there is no controlling authority in the Eleventh Circuit. Neither can the Court look to decisions of other circuits for aid in answering this question, for, to the Court's knowledge, no circuit has addressed this question. With the exception of a few reported decisions of bankruptcy

---

11 U.S.C. § 524(d).

**2.** That statute provides, in relevant part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

**3.** Plaintiff's Amended Complaint describes the putative class as those "individuals who meet the following criteria:

(a) individuals [*sic*] who have owed a debt to defendant and who subsequently filed a petition for relief;

(b) individuals who have entered into reaffirmation agreements with the defendant; and

(c) individuals who have, subsequent to the entry into said reaffirmation agreement have received notice from the defendant that the agreement is void."

*Plaintiff's Amended Complaint,* ¶ 16.

courts, primarily from the Northern District of Illinois, little authority exists in support of either Plaintiff's or Defendant's position. The Court, therefore, is essentially writing on a clean slate.

Plaintiff alleges that Defendant—as a matter of business practice—routinely rescinds otherwise valid reaffirmation agreements entered into with debtors pursuant to the provisions of 11 U.S.C. § 524(c). Plaintiff also alleges that Defendant threatened him with the repossession of certain items of merchandise purchased from Defendant unless he entered into a reaffirmation agreement with Defendant. Such a threat violates the "automatic stay" provision of the Bankruptcy Code.[4] Furthermore, Defendant routinely threatens similarly situated debtors in the same manner, thereby justifying the request for class-wide relief. Finally, Plaintiff also alleges that although Defendant is subject to the terms of TILA, it violated that statute's requirements when it failed to disclose properly the cost of the credit it extended to Plaintiff. Defendant, according to Plaintiff, engages in the same violations of the TILA systematically, thereby justifying a request for a class-wide remedy.

For purposes of this motion, the Court assumes the factual allegations as pled by Plaintiff are true. *South Florida Water Management Dist. v. Montalvo,* 84 F.3d 402, 406 (11th Cir.1996). The Court also assumes for purposes of this motion that Defendant's unilateral decision to rescind its reaffirmation agreement with Plaintiff and similarly situated debtors violated the discharge provision of § 524.

Therefore, Defendant's motion raises a single question: Whether a district court exercising bankruptcy jurisdiction pursuant to 28 U.S.C. § 1334 has jurisdiction over a plaintiff-debtor's attempt to seek damages and equitable relief on behalf of a nationwide class of similarly situated debtors against a creditor who is alleged to have systematically violated the rights guaranteed to the members of the putative class under the Bankruptcy Code?[5]

At first blush, it would appear that the class action is the perfect procedural device to remedy systematic, widespread violations of law by a single defendant, especially where the damage resulting from such illegal conduct is presumably dispersed over a large number of individuals, thereby reducing the incentives that any individual plaintiff might have to bring suit against the wrongdoer. Indeed, that reasoning lay behind the conclusion that class actions may be employed to file a "common" or "class" proof of claim on behalf of a class of creditors. *See, for example, In the Matter of American Reserve Corp.,* 840 F.2d 487 (7th Cir.1988). Nonetheless, this proposed class action differs significantly from those approved in cases such as *American Reserve,* for here the class is composed of debtors, each of whom has his own unique bankruptcy estate. As shall be explained, this fact is critical in determining whether bankruptcy jurisdiction exists over Plaintiff's proposed class.

The few bankruptcy courts that have considered this question have been reticent to exercise jurisdiction over a claim seeking relief on behalf of a class of debtors in bankruptcy against a single creditor. This is especially true where the debtors seek damages, as is the case in Plaintiff's complaint. *See Knox v. Sunstar Acceptance Corporation,* 237 B.R. 687, 693 (Bankr. N.D.Ill.1999) (bankruptcy court dismissed

---

**4.** Section 362(a)(3) "operates as a stay ... of any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). Section 362(h) provides an express remedy for a violation of the automatic stay, allowing an individual injured thereby to "recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances ... punitive damages." 11 U.S.C. § 362(h).

**5.** Section 1334 provides that "district courts shall have original and exclusive jurisdiction of all cases under title 11." 28 U.S.C. § 1334(a).

claim for class wide relief stemming from creditor's systematic filing of inflated secured claims); *Nelson v. Providian National Bank,* 234 B.R. 528, 534 (Bankr. M.D.Fla.1999) (bankruptcy court has no jurisdiction to entertain private cause of action for damages for a creditor's violation of § 524 by debtors who obtained discharge from a court other than one in which action for damages was pending); *Aiello v. Providian Financial Corp.,* 231 B.R. 693, 702, 709 (Bankr.N.D.Ill.1999) (although court held that it "has the inherent authority to hear the adversary complaint on behalf of the alleged class of debtors," it nonetheless struck the claim for class-wide relief because the proposed class did not, and probably could not, meet § 362(h)'s requirement of "actual damages"); *Lenior v. GE Capital,* 231 B.R. 662, 666 (Bankr.N.D.Ill.1999) (bankruptcy court struck prayer for class-wide relief based on allegations that creditor systematically filed inflated secured claims in Chapter 13 cases "for lack of jurisdiction"); *Wiley v. Mason,* 224 B.R. 58, 75 (Bankr. N.D.Ill.1998) (certifying class-wide remedy for limited purposes of granting injunctive and declaratory relief where creditor admitted using same illegal form with all debtors of class, but refusing to certify class for purposes of pursuing damages claims arising from use of illegal form), *rev'd on other grounds, Wiley v. Mason,* 237 B.R. 677 (Bankr.N.D.Ill.1999).

Although the court in *Aiello* ultimately refused to certify the proposed class of debtors, it did so not for lack of jurisdiction, but rather because, on the merits, the proposed class failed to meet the requirements of Rule 23 of the Federal Rules of Civil Procedure. *Aiello,* 231 B.R. at 710–11. Because the Court is only answering the question of whether it has jurisdiction over Plaintiff's class action claim, and not the merits of Plaintiff's class, this decision suggests that Plaintiff should be allowed to prove that his proposed class meets the requirements of Rule 23. His claim would only be dismissed if his putative class failed to satisfy the substantive requirements of Rule 23.

Plaintiff can also point to a district court decision upholding the award of attorneys' fees after the settlement of a class action in bankruptcy brought by a plaintiff class of *debtors. Conley v. Sears, Roebuck and Co.,* 222 B.R. 181 (D.Mass.1998). As is clear from the procedural history of *Conley,* however, no court during that litigation conclusively resolved the jurisdictional issue raised by a claim on behalf of a nationwide class of debtors in bankruptcy against a single creditor. The *Conley* court reports that the bankruptcy court's initial certification of the nationwide class of debtors was conditional, for settlement purposes only, and with the consent of the defendant creditor. *Id.* at 184. Indeed, the court noted that the plaintiffs in that case were "concerned abut the jurisdiction of a Bankruptcy Court over a nationwide class action." For that reason, the plaintiffs filed another class action, alleging that defendant had withheld numerous unlawful agreements from the bankruptcy court; that defendant had violated the TILA, the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1954(c), and other provisions of the Bankruptcy Code; and, that defendant violated several state law causes of action. *Id.* at 185. Sears "threw in the towel within two weeks" and entered into a Stipulation and Agreement of Compromise and Settlement. *Id.* The Attorneys General of at least thirty-nine states and the Federal Trade Commission ("FTC") all approved the settlement. *Id.*

It is, of course, a truism that parties cannot confer subject matter jurisdiction on a federal court by virtue of their consent or agreement. *See, for example, Beers v. North American Van Lines, Inc.,* 836 F.2d 910, 912 (5th Cir.1988). Therefore, the *Conley* court, insofar as it upheld the award of attorneys' fees as a settlement of the class action, arguably had to find that it had bankruptcy jurisdiction to hear debtors' class action complaint. This is not a necessary inference, however, be-

cause the settlement can be viewed as having been entered into pursuant to a consent order between the FTC and Sears. *In the Matter of Sears, Roebuck and Co.,* FTC No. 972–3187 (June 3, 1997).[6]

In exchange for the FTC's agreement not to bring an enforcement action against Sears pursuant to Section 19 of the Federal Trade Commission Act, 15 U.S.C. § 57b, Sears agreed to "make available redress payable to consumers consisting of either cash refunds or reductions in credit balances ... of not less than $100 million." *Id.* at 2. Furthermore, under the consent order, the FTC reserved to itself the right to approve any settlement Sears entered into with the consumer class that had been victimized by Sears' unfair debt collection procedures. *Id.* at 2–3. Indeed, that very consent order was itself subject to a statutory notice and comment period. 62 Fed. Reg. 31821. These facts, taken together, suggest that the settlement was with the FTC and not with a putative class of debtors in bankruptcy, although they were certainly third-party beneficiaries of the settlement. Viewed in this light, the fact that the *Conley* court approved attorneys' fees for the debtor class does not imply that it held that, in the *absence* of the consent decree, the Bankruptcy Code would have independently authorized class-wide monetary relief for debtors against a creditor who systematically violated provisions of the Bankruptcy Code.

▬▬▬▬ The only decision that unambiguously held that bankruptcy jurisdiction exists for a class action claim brought by

debtors is *Aiello.* Contrary to the reasoning of the other bankruptcy courts that considered the question, the *Aiello* court focused *exclusively* on the substantive violation that gave rise to the complaint of the putative class of debtors. It reasoned that so long as the claim of the debtor-class involves a core bankruptcy matter, bankruptcy jurisdiction exists to enforce the rights of all members of the putative class, even though the outcome of the class action cannot possibly affect the distribution of property in the representative debtor's estate. *Aiello,* 231 B.R. at 703–04. In other words, because the claim of the putative class concerned a core bankruptcy matter arising in bankruptcy, it was irrelevant that the claim did not also satisfy "related to" bankruptcy jurisdiction.[7]

The majority of bankruptcy courts, however, have held that even where the claim involves a core bankruptcy matter, if the claim is asserted on behalf of other, similarly situated debtors, the class claims must be "related to" the bankruptcy case of the representative debtor. *Lenior,* 231 B.R. at 667–68. In the absence of independently satisfying the "related to" prong of bankruptcy jurisdiction, the bankruptcy court would become "a forum for recovery of money that would not be a part of the bankruptcy estate of [the debtor]." *Id.* at 668 (*citing Wiley,* 224 B.R. at 64). The decisions of bankruptcy courts denying that jurisdiction exists over class actions for damages brought by debtors, then, seem to rest more on a policy consideration than any statutory language.

---

**6.** A copy of the consent agreement may be found at http://www.ftc.gov/os.

**7.** The jurisdiction of a bankruptcy court extends to all civil proceedings that arise under title 11, arise in or are related to cases under title 11. 28 U.S.C. § 1334(b). A proceeding "arises under" title 11 if it involves a cause of action created or determined by a statutory provision of title 11. A proceeding "arises in" bankruptcy jurisdiction if it involves administrative matters existing only in bankruptcy cases. That is, although the proceeding does not involve a right expressly created

by title 11, it has no existence outside of bankruptcy. A proceeding "relates to" a bankruptcy case if it affects either the amount of property available for distribution to the debtor's creditors or if it affects the allocation of the estate's property to the debtor's creditors. *Wiley v. Mason,* 224 B.R. 58, 64 (Bankr. N.D.Ill.1998). The test for satisfying "related to" jurisdiction in the Eleventh Circuit is "whether the outcome could conceivably have an effect on the estate being administered in bankruptcy." *In re Boone,* 52 F.3d 958, 960 (11th Cir.1995).

There is no doubt that violations of the automatic stay and of the discharge "arise under title 11." These claims implicate core bankruptcy matters, and, therefore, bankruptcy jurisdiction exists over Plaintiff's *individual* claims. Just as clearly, however, Plaintiff's claim on behalf of the members of the putative class can "have no effect on" Plaintiff's estate. The question is whether bankruptcy jurisdiction over the claims asserted by Plaintiff on behalf of the putative class of debtors exists simply because the claims "arise under" the Bankruptcy Code, although the claims clearly do not "relate to" Plaintiff's bankruptcy case.

The limits of bankruptcy jurisdiction are defined by Congressional legislation. It is necessary, therefore, to parse carefully Congress' statutory grant of bankruptcy jurisdiction before resolving this issue. Congress has authorized district courts to refer "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 ... to the bankruptcy judges for the district." 28 U.S.C. § 157(a). A "core proceeding" includes "matters concerning the administration of the estate." 28 U.S.C. § 157(b)(2)(A). "Core proceedings" also include, without limitation, allowance or disallowance of claims against the estate, counterclaims by the estate, obtaining credit for the estate, orders to turn over property of the estate, proceedings to determine, avoid, and recover preferences, proceedings to determine, avoid, and recover fraudulent conveyances, and "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor ... relationship." 28 U.S.C. § 157(b)(2)(B)—(O).

The principal difference between "related to" bankruptcy jurisdiction, on the one hand, and "arising under" and "arising in" bankruptcy jurisdiction, on the other, relates to the power of the bankruptcy judge hearing the proceeding. Thus, a bankruptcy judge may enter final orders regarding bankruptcy "cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11." 28 U.S.C. § 157(b)(1). Such a final order is reviewed under 28 U.S.C. § 158, which provides for a relatively deferential standard of review. *General Trading Inc. v. Yale Materials Handling Corp.*, 119 F.3d 1485, 1494 (11th Cir.1997) (holding that bankruptcy court's findings of fact are reviewed under the clearly erroneous standard, but its determinations of law are reviewed de novo). If a proceeding "is not a core proceeding but ... is otherwise related to a case under title 11," the bankruptcy judge may only submit proposed findings of fact and conclusions of law to the district court. In such a proceeding, only the district court may enter the final order, "after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected." 28 U.S.C. § 157(c)(1).

■ The distinctions among the three bases of a bankruptcy court's jurisdiction under § 157 are significant only with respect to the deference the bankruptcy court's decision will receive upon review. Contrary to the suggestion of *Aiello*, the inquiry into whether bankruptcy jurisdiction exists for a class action of the sort proposed by Plaintiff in this case would not seem to turn on whether the claim involves a "core bankruptcy matter" within the terms of § 157.[8]

■ The jurisdiction of bankruptcy courts, as § 157's terms make clear, is derivative: They can only exercise jurisdiction if that jurisdiction has been first granted to the district courts pursuant to

---

**8.** The Court notes, however, that the statutory definition of "core proceeding" clearly implicates matters concerning the estate of a bankrupt. The drafters of § 157 would probably be surprised to hear of a court that deemed a proceeding to be a "core bankruptcy proceeding" without, at the same time, finding that the proceeding related to the bankruptcy estate of the debtor.

28 U.S.C. § 1334. That statute provides, in part, that "[t]he district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate." 28 U.S.C. § 1334(e). The Bankruptcy Code, in turn, provides that "[t]he commencement of a case ... creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held: ... all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The estate also includes interests in property acquired by the estate "after the commencement of the case." 11 U.S.C. § 541(a)(7). Causes of action qualify as property of the estate under § 541. *United States v. Whiting Pools*, 462 U.S. 198, 204 & n. 9, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983) (stating that § 541(a)(1)'s "scope is broad" and includes "causes of action"); *Meehan v. Wallace*, 102 F.3d 1209, 1210 (11th Cir.1997) ("[t]he scope of § 541(a)(1) is broad, and includes property of all types, tangible and intangible, as well as causes of actions.").

■■■ The function of § 1334(e) is clear—to insure that only one court administers the bankruptcy estate of a debtor. Otherwise, the orderly distribution of the assets of the debtor to holders of claims against the estate—one of the main functions of bankruptcy—could not be accomplished. Congress has chosen to vest exclusive jurisdiction over the property of a bankruptcy estate in the "[t]he district court in which a case under title 11 is commenced or is pending." A procedural rule such as Rule 23 authorizing class actions, of course, cannot be read as enlarg-ing the limited jurisdictional grant of § 1334. Fed.R.Civ.P. 82; 28 U.S.C. § 2072(b); *Amchem Products v. Windsor*, 521 U.S. 591, 612, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997). If the claims raised by Plaintiff on behalf of the putative members of the debtor class are "property" of each individual debtor's bankruptcy estate, § 1334(e) prohibits this Court—or any court other than "[t]he district court in which [the] case under title 11 is commenced or pending" for that matter—from exercising jurisdiction over that property.[9]

Having outlined the limits of this Court's jurisdiction over claims in bankruptcy, these principles must now be applied to Plaintiff's action. Plaintiff raises three claims on behalf of himself and similarly situated debtors. Count IV of Plaintiff's Amended Complaint alleges violations of the TILA. Plaintiff seeks only monetary relief under this Count. The complaint is ambiguous as to the time of these alleged violations. Because Plaintiff's complaint was made in bankruptcy, however, his complaint may only be read as alleging pre-discharge violations of the TILA. Because the alleged violations occurred prior to the commencement and discharge of the individual bankruptcy cases of the members of the putative class, the TILA causes of action belong to those debtors' bankruptcy estates. Accordingly, § 1334(e) precludes the Court from exercising jurisdiction over those claims unless the individual bankruptcy cases commenced in this district.[10] For this reason, Defendant's motion to dismiss the class action component of Count IV of Plaintiff's Amended Complaint will be **GRANTED** with respect to the claims of the putative class members who commenced their bankruptcy cases outside this district, but will be **DE-**

**9.** Indeed, § 1334(e) also explains why an individual debtor who has commenced a bankruptcy case in one district cannot seek damages against a party for violation of the automatic stay under § 362(h) from another district court. *Pereira v. First North American National Bank*, 223 B.R. 28, 31 (N.D.Ga.1998).

**10.** The Court notes that if Plaintiff wishes to allege post-discharge violations of the TILA, he is free to file a new complaint with the Court to that effect. In that case, jurisdiction would be proper under general federal question jurisdiction. 28 U.S.C. § 1331.

NIED with respect to the claims of those debtors who commenced their bankruptcy cases here.

Count III of Plaintiff's Amended Complaint alleges violations of the automatic stay. Plaintiff seeks only monetary relief on behalf of himself and the class. Clearly, a violation of the automatic stay can occur only if a bankruptcy case has been commenced. Because a damages action to remedy the violation of the automatic stay is property of the estate, jurisdiction over that cause of action lies exclusively in the court in which the bankruptcy case was commenced. Therefore, this Court has no jurisdiction to hear the damages actions of debtors whose bankruptcy cases commenced outside the Southern District of Georgia. For that reason, Defendant's motion to dismiss the class action component of Count III of Plaintiff's Amended Complaint will be **GRANTED** with respect to debtors who commenced their cases in courts other than this district, but will be **DENIED** with respect to those debtors who commenced their bankruptcy cases here.

 Count I of Plaintiff's Amended Complaint arises from Sears' practice of unilateral rescission of valid reaffirmation agreements in violation of § 524. Count II alleges that Sears routinely and systematically violates § 524 in the manner detailed in Count I. Plaintiff seeks both monetary and equitable class-wide relief for himself and similarly situated discharged debtors for Defendant's violation of § 524. Violations of § 524 can be remedied only by contempt proceedings pursuant to 11 U.S.C. § 105. *Hardy v. United States,* 97 F.3d 1384, 1388–90 (11th Cir.1996). Only "the court whose order has been defied," however, has jurisdiction to "entertain the contempt action." *Pereira v. First North American National Bank,* 223 B.R. 28, 31 (N.D.Ga.1998) (*citing Klett v. Pim,* 965 F.2d 587, 590–91 (8th Cir.1992); *Lubrizol Corp. v. Exxon Corp.,* 871 F.2d 1279, 1290 (5th Cir.1989); *Dunham v. United States,* 289 F. 376, 378

(5th Cir.1923)). The Court, therefore, lacks jurisdiction to enforce violations of § 524's discharge injunction under § 105 through civil contempt proceedings unless the debtor received his discharge from the Southern District of Georgia. Accordingly, Defendant's motion to dismiss Count II of Plaintiff's Amended Complaint will be **GRANTED** with respect to the damages claims of all members of the putative class who did not receive a discharge from this district, but will be **DENIED** with respect to those who did.

Plaintiff also seeks equitable relief in the form of a declaratory judgment declaring that Defendant's practice of unilateral cancellation of otherwise valid reaffirmation agreements is unlawful as well as an injunction prohibiting Defendant from continuing this practice. A declaration that Defendant's challenged conduct is a violation of § 524 would be, in effect, a finding that Defendant has violated the discharge injunctions entered by bankruptcy courts both inside and outside this district. As noted above, however, relief for the violation of an injunction may be sought only in the court that entered the injunction. The Court, therefore, has no jurisdiction to grant declaratory relief for members of the putative class unless the specific discharge injunction alleged to have been violated by Defendant was entered by the Southern District of Georgia. Accordingly, Defendant's motion to dismiss the declaratory relief component of Plaintiff's Count II will be **GRANTED** with respect to the claims of the putative class members unless they received their discharge injunctions from this district. Defendant's motion to dismiss the declaratory relief component of Plaintiff's Count II will be **DENIED,** however, with respect to those members of the class whose discharge injunctions were entered by the Southern District of Georgia.

 Finally, the Court has power under § 105(a) to enjoin Defendant from future violations of § 524, if the Court eventually concludes that the alleged conduct

violates the Bankruptcy Code. Such a prospective injunction would not constitute property of any bankruptcy estate. Section 1334(e), therefore, poses no obstacle to granting relief. Thus, Defendant's motion to dismiss the injunctive component of Plaintiff's Count II will be **DENIED**.

## CONCLUSION

Whether a debtor in bankruptcy can bring a class action seeking damages on behalf of similarly situated debtors against a single creditor is a novel issue in this Circuit. Section 1334(e), however, prohibits this Court from exercising jurisdiction over property of bankruptcy estates commenced in other districts. In Counts III and IV of his complaint, Plaintiff's putative class alleges a damages cause of action arising out of Defendant's violations of the automatic stay and the TILA. The Court believes that causes of action for the violation of the automatic stay are property of the individual debtor's bankruptcy estate, and, therefore, the Court cannot exercise jurisdiction over such claims unless the debtor's bankruptcy proceeding commenced in this district. It follows that Defendant's motion to dismiss the class action component of Plaintiff's § 362 claim will be **GRANTED**, but only with respect to the claims of debtors whose cases were not commenced in this district. As to those debtors whose bankruptcy cases were commenced in this district, Defendant's motion to dismiss is **DENIED**.

A similar analysis applies to the class action component of Plaintiff's TILA claims: The Court only has jurisdiction over the claims of individual debtors if their bankruptcy cases were commenced in this Court. Therefore, as to the debtors in Plaintiff's putative class whose bankruptcy cases were commenced outside this district, Defendant's motion to dismiss is **GRANTED**. But, as to the debtors in Plaintiff's putative class whose bankruptcy cases were commenced in this district, Defendant's motion to dismiss is **DENIED**.

The Court also has no jurisdiction over the class' claims for damages under § 105 for violation of § 524 because only the court whose discharge order has been defied may enforce a contempt sanction for its violation. The Court thus **GRANTS** Defendant's motion to dismiss all such claims unless the individual debtor received his discharge from this district. As to them, the Court has jurisdiction over their claims, and, for that reason, Defendant's motion to dismiss their claims is **DENIED**. The Court also **GRANTS** Defendant's motion to dismiss Plaintiff's class claims for declaratory relief insofar as the claim is being asserted on behalf of a debtor whose discharge was entered outside this district. As to all other debtors, however, the Court **DENIES** Defendant's motion.