In re Kenneth W. CLINE and Yvonne R. Cline, Debtors.

Kenneth W. CLINE and Yvonne R. Cline, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

FIRST NATIONWIDE MORTGAGE CORPORATION, Defendant.

No. COL–5570FDB.

United States District Court, W.D. Washington, at Tacoma.

July 11, 2002.

Ronald S. Goldser, Timothy J. Becker, Zimmerman Reed, P.L.L.P., Minneapolis, MN, Robert Mitsch, Carleton Crutchfield, Mitsch & Crutchfield, Frederick W. Schoepflin, Keller Rohrback L.L.P., Seattle, WA, for plaintiffs.

Adam Lewis, Michael Agoglia, Morrison & Foerster LLP, San Francisco, CA, Stephen Kelly, Kelly & Associates P.S., Seattle, WA, for First Nationwide Mortgage Corporation.

## ORDER AFFIRMING IN PART & REVERSING IN PART BANKRUPTCY COURT'S ORDER

BURGESS, District Judge.

### ISSUES ON APPEAL

This is an appeal of a United States Bankruptcy Court's Order that concluded the Bankruptcy Court had jurisdiction to certify a national class of debtors seeking recovery under the automatic stay, but that it lacked jurisdiction to certify a similar class seeking recovery for violation of the discharge order.

Plaintiffs, the Debtors, appeal the Bankruptcy Court's decision presenting the issue of whether this court has authority to certify a national class of debtors seeking recovery for a creditor's alleged illegal collection activity under either the automatic stay (11 U.S.C. § 362) or discharge order (11 U.S.C. § 524).

Defendant's appeal asks whether the United States Bankruptcy Court for the

Western District of Washington has the authority to adjudicate the claims of a nationwide class of debtors, whose separate bankruptcy actions were, or still are, pending before other bankruptcy courts around the country, for alleged violations of 11 U.S.C. § 362(a)(automatic stay).

While the Plaintiffs argue that the Bankruptcy Court erred in concluding that it lacked jurisdiction to certify a class of debtors seeking recovery for a creditor's violation of the discharge order (§ 524), and the Defendants argue that the Bankruptcy Court erred by concluding that it maintained jurisdiction to certify a class of debtors seeking recovery for a creditor's violation of the automatic stay (§ 362), the parties agree that if the Bankruptcy Court possesses jurisdiction to certify a class action under either Bankruptcy Code section, then that jurisdiction applies to both § 362 and § 524; conversely, if the Bankruptcy Court lacks jurisdiction to certify a class, that limitation applies to all aspects of the Code.

The standard of review for this appeal is *de novo. See Towers v. Boyd (In re Boyd)* 243 B.R. 756 (N.D.Cal.2000).

## BACKGROUND

The Clines financed a house with a mortgage, and First Nationwide Mortgage (FNM) held the loan when the Clines ultimately declared bankruptcy and received a discharge pursuant to 11 U.S.C. § 727. The Clines allege that FNM continued to seek repayment of the debt during the period of the automatic stay and after the Clines received their discharge. The Clines assert that they paid in excess of $5,800 in response to FNM's conduct.

## ARGUMENTS

### Plaintiffs' Argument

Plaintiffs note the nature of bankruptcy court jurisdiction: that it is "referral juris-

diction" over cases arising under Title 11, but that its authority is limited. Addressing the "core" and "non-core" distinction, when a case involves a "core" proceeding, the bankruptcy court's jurisdiction is equal to that of the district court, and it may certify a national class action. Plaintiffs argue that regarding the automatic stay, the Code does not provide any indication that the case is limited to the bankruptcy court where the debtor received a discharge order. As to the discharge order, because the statutory discharge is not an individually crafted order, there is nothing to stop the court from evaluating it on a class-wide basis. Finally, since the district court maintains original jurisdiction over cases under Title 11, Plaintiff argues that the district court could exercise jurisdiction over the adversary proceedings in bankruptcy, but the Bankruptcy Court's decision herein, by concluding that only the Court issuing the discharge order could evaluate whether a violation occurred, improperly restricted this District Court's power.

### Defendant's Argument

Defendant argues that the Bankruptcy Court's decision that it had "arising under" jurisdiction over all of the putative class members' automatic stay claims was in error for essentially four reasons:

1. Automatic stay violation actions are essentially contempt actions and are properly brought only before the court whose orders were allegedly violated;

2. A proper construction of "arising under" jurisdiction requires a relationship between the "arising under" claim and the bankruptcy case in which it is asserted. There is no relationship between the putative class members' claims and the Clines' bankruptcy;

3. The *in rem* nature of bankruptcy actions requires that the court first acquiring jurisdiction over the *res* be respected to the exclusion of all other courts' jurisdiction. In other words, the Bankruptcy Court must defer to the superior jurisdiction of the putative class members' home courts to adjudicate their automatic stay claims; and

4. The putative class members' automatic stay claims are properly venued only in the districts where they initiated their bankruptcy cases.

## DISCUSSION

### Bankruptcy Jurisdiction Overview

The District Court's bankruptcy jurisdiction is set forth in 28 U.S.C. § 1334 in pertinent part as follows:

(a) Except as provided in subsection (b) of this section, the district court shall have original and exclusive jurisdiction of all cases under title 11 [the Bankruptcy Code].

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

Pursuant to 28 U.S.C. § 157, of Chapter 6 concerning Bankruptcy Judges, a referral of cases under Title 11 may be made as follows:

(a) Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

By Local Rule, the Western District of Washington has elected to refer all matters within its bankruptcy jurisdiction to its bankruptcy judges:

1.01 Cases and Proceedings Under Title 11, United States Code

This court hereby refers to the bankruptcy judges of this district all cases under Title 11, and all proceedings arising under Title 11 or arising in or related to cases under Title 11.

Local Rules General Rule 7, § 1.01 (2002 ed.)

Thus, since *Northern Pipeline Construction Company v. Marathon Pipe Line Company*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) (which declared the Bankruptcy Act of 1978 unconstitutional in that it bestowed Article III judge power upon judges who were not appointed pursuant to Article III), the Bankruptcy Court's jurisdiction is limited to that which is referred to it by the United States District Court, pursuant to the Bankruptcy Amendments and Federal Judgeship Act of 1984 (98 Stat. 333) (codified in scattered sections of 11 U.S.C. and 28 U.S.C.) as referenced above.

In overview, whether the bankruptcy case comes under Chapter 7 (Liquidation), Chapter 11 (Reorganization), Chapter 12 (Adjustment of Debts of Family Farmers with Regular Income), or Chapter 13 (Adjustment of Debts of an Individual with Regular Income), the object of the bankruptcy judge is to utilize the debtor's assets to pay creditors by either liquidating the property or by allowing the debtor to retain the property and, pursuant to a plan, pay creditors from the postpetition earnings of the debtor. The Automatic Stay and the Discharge Order all operate to foster the goal of marshaling assets, paying creditors, and discharging the debtor for a fresh start.

### The Discharge Order

■ The Bankruptcy Court held that a violation of the Discharge Order (pursuant to Section 524) was, in essence, a contempt of the Bankruptcy Court's Order, and that a claim for such violation must be brought before the court that issued the order. For example, *see Cox v. Zale Delaware, Inc.*, 239 F.3d 910, 917 (7th Cir.2001), where the 7th Circuit held that a lawsuit alleging a violation of Section 524(c) can be brought only as a contempt action under section 524(a)(2) in the bankruptcy court that issued the discharge. Section 524(a)(2) provides that an order discharging the debtor from his debts "operates as an injunction against the commencement or continuation of an action . . . ." Thus, Judge Posner, writing for the Court, reasons that a creditor who violates section 524(a)(2) "is violating not only a statute but also an injunction and is therefore in contempt of the bankruptcy court that issued the order of discharge." *Id.* at 915. The Court explained further: "The Court that issued the discharge order is in a better position to adjudicate the alleged violation, assess its gravity, and on the basis of that assessment formulate a proper remedy." *Id.* at 916.

■ This Court agrees with the Bankruptcy Judge Snyder's conclusion that a claim for violation of its discharge order is only remediable through contempt proceedings and that it lacked jurisdiction to enforce violations of Section 524 through contempt proceedings unless the Debtors received their discharge from his court. To reiterate *Cox*, the court that enters a discharge order is in a better position "to adjudicate the alleged violation, assess its gravity, and on the basis of that assessment formulate a proper remedy." 239 F.3d at 916. A class action lawsuit to bring claims of violations of discharge orders issued by other courts,

although involving the same defendant, would require unwarranted intervention by one bankruptcy court in the enforcement of out-of-district courts' orders. Therefore, it is improper for a bankruptcy court to maintain a nationwide class action lawsuit asserting violations of discharge orders issued pursuant to Section 524.

### The Automatic Stay

#### 1. Bankruptcy Court's Decision

The Bankruptcy Court, while realizing that the propriety of class certification was yet to be determined, concluded that it had subject matter jurisdiction over the class claims for violation of the automatic stay, reasoning that this was so because the claims arose under Title 11, and that, generally, "arising under" proceedings are matters invoking a substantive right under the bankruptcy code, citing *In Re Toledo*, 170 F.3d 1340, 1345 (11th Cir.1999)(" 'Arising under' proceedings are matter invoking a substantive right created by the Bankruptcy Code.") The Bankruptcy Court rejected the Defendant's argument that it did not have jurisdiction over class claims that had no relationship to the Cline's bankruptcy case, citing *In re Noletto* 244 B.R. 845, 849 (Bankr.S.D.Ala.2000)("arising under," "arising in," and "relate to" are phrased disjunctively, thus offering three alternative bases for bankruptcy jurisdiction.)

#### 2. Nature of Bankruptcy Court Jurisdiction

As the Bankruptcy Judge relied on an interpretation of "arising under" jurisdiction, a review of the relevant statutory provisions of 28 U.S.C. § 1334 is necessary. Again, they are as follows, and note that the sections refer to "cases" and "proceedings:

(a) Except as provided in subsection (b) of this section, the district court shall have original and exclusive jurisdiction of all cases under title 11 [the Bankruptcy Code].

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."

Subpart (a) provides that the district court shall have *original and exclusive* jurisdiction over all cases under title 11, while subpart (b) provides for original but *not exclusive* jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under Title 11." The non-exclusive jurisdiction of subpart (b) provides the basis for the district court to abstain from hearing certain types of proceedings (see §§ 1334(c)and (d)). (*See 1 Collier on Bankruptcy* ¶ 3.01[4]) (Alan N. Resnick & Henry J. Sommer eds., 15th Ed. Rev.2002).

"The 'case' referred to in Section 1334(a) is the umbrella under which all of the proceedings which follow the filing of a bankruptcy petition take place." *Id.* at ¶ 3.01[3]. "From that beginning follow all of the proceedings, whether called controversies, adversary proceedings, contested matters, suits, actions or disputes, that will occur as the case under the Bankruptcy Code unfolds." *Id.*

As to "proceedings," it is important to know that

anything that occurs within a case is a proceeding. Thus, proceeding here is used in its broadest sense, and would encompass what are now called contested matters, adversary proceedings, and plenary actions under the current bankruptcy law. It also includes any dis-

putes related to administrative matters in a bankruptcy case.

*Id.* at ¶ 3.01[4][b]

Next, as to "proceedings," we must review the meaning of the terms "arising under title 11", "arising in or related to cases under title 11." The term "arising under title 11", and with reference to legislative history, is taken to mean *an action that is created by title 11*, the analog of which is found in 28 U.S.C. § 1331 giving the district courts original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." ( *See 1 Collier on Bankruptcy* ¶ 3.01[4][c][i]) (Alan N. Resnick & Henry J. Sommer eds., 15th Ed. Rev.2002) Thus, claims made pursuant to a provision of title 11, such as a claim of exemptions under 11 U.S.C. § 522, or a claim of discrimination in violation of 11 U.S.C. § 525, arise under title 11. *Id.*

As to "related cases,"—of which there are two kinds from core to not related at all—the most widespread test is that proceedings "related to cases under title 11" are those whose *outcome could conceivably have an effect on the bankruptcy estate* and that (1) involve causes of action owned by a debtor that became property of a title 11 estate (as distinct from post petition causes of action), or (2) are suits between third parties that "in the absence of bankruptcy, could have been brought in a district court or a state court." (*See 1 Collier on Bankruptcy* ¶ 3.01[4][c][ii]) (Alan N. Resnick & Henry J. Sommer eds., 15th Ed. Rev.2002)

It should be noted that a single civil proceeding may involve causes of action that are related and non-related, such as where there is a motion to assume an executory contract and a dispute that the debtor breached a contract. The bankruptcy court could hear and determine the

assumption motion, but not the second matter for which there are some alternatives: (1) The district court could hear the breach of contract matter in the first place upon a withdrawal of reference; (2) The bankruptcy court could abstain pursuant to Section 1334(c), so that the proceeding would be tried in some other court; (3) Pursuant to the automatic reference, the bankruptcy judge may enter proposed findings of fact and conclusions of law, which the district court would then consider, which will then enter a dispositive order or judgment; or (4) Pursuant to the parties' consent, the matter may be heard by the bankruptcy judge who will enter the dispositive order or judgment. *Id.* at ¶ 3.03[1].

Proceedings "arising in" cases under title 11 is considered a residual category including such things as *administrative matters*, for example, order to turn over property of the estate, determination of the validity, extent, or priority of liens, and contempt matters. *Id.* at ¶ 3.01[4][c][iv].

There are, also, proceedings that are not with the district court's jurisdiction. These are proceedings that "are so tangential to the title 11 case or the result of which would have so little impact upon the administration of the title 11 case that they are not within the grant of jurisdiction contained in section 1334(b).... Put another way, litigation that would not impact upon the administration of the bankruptcy case, or on property of the estate, or on the distribution to creditors, cannot find a home in the district court based upon its bankruptcy jurisdiction." *Id.* at ¶ 3.01[4][c][v].

In summary, there is jurisdiction in the district court, and by reference, in the bankruptcy court of cases under Title 11, the Bankruptcy Code. There is also original, but not exclusive, jurisdiction over civil proceedings (1) "arising under title 11"— an action created by Title 11; (2) "related to cases under title 11"—those whose outcome could conceivably have an effect on the bankruptcy estate; and (3) "'arising in' cases under title 1," a residual category encompassing administrative matters.

### 3. Discussion

■ Against this background, the automatic stay should be reviewed. Section 362, the automatic stay, essentially commands that all collection efforts should cease upon the filing of a voluntary or involuntary petition, and it does this by providing that the filing of a bankruptcy petition "operates as a stay" of the activities described in eight numbered subparts of Section 362(a), essentially all sorts of collection activities. The stay gives the debtor protection from creditors' collection efforts so that the debtor may prepare a plan (in a voluntary case) or controvert the petition (in an involuntary case) and gives the trustee time to identify and collect the property of the estate that will be distributed pro rata to general creditors.

The Court in *Cox v. Zale Delaware, Inc.*, 239 F.3d 910, 914–15 (7th Cir.2001), while holding that only the court that issued a discharge order could entertain a contempt action for violation of its order, *id.* at 917, nevertheless opined that certain lawsuits under the Bankruptcy Code could proceed as class actions under appropriate circumstances, and cited to three cases as examples.

The first example, *In re American Reserve Corp.*, 840 F.2d 487 (7th Cir. 1988)[with Judge Posner on the panel but not writing the opinion as he did in *Cox*], presented the issue of whether plaintiffs who had filed a class action in state court contending that Reserve Insurance Co. had defrauded its policyholders, could properly proceed upon their proof of claim on behalf of themselves as well as others

similarly situated in the subsequent bankruptcy filed by the holding company, American Reserve Corp. The Seventh Circuit took a careful look at the pros and cons of class litigation, which it noted was held in higher esteem by plaintiffs and their champions than by the courts. *Id.* at 490. The Court held that 11 U.S.C. § 501 did not provide an exclusive list of those who may file a proof of claim, *id.* at 492, and that a class action representative could be an agent on behalf of others. *Id.* at 493. The matter of class certification was left to the bankruptcy judge to determine whether the features, which the Seventh Circuit discussed would make class certification less desirable in bankruptcy than in ordinary civil litigation and whether the bankruptcy judge's control of the bankrupt's affairs might make class certification unnecessary. *Id.* at 493–94.

The second example, *Bolin v. Sears, Roebuck & Co.*, 231 F.3d 970 (5th Cir. 2000), involved Defendant's challenge to certification of a class of bankrupt debtors alleging illegal post-bankruptcy collection practices by Sears. This matter, however, was before the district court, not the bankruptcy court. The Fifth Circuit held that certification of the class with respect to all claims, including with respect to section 362 (automatic stay) of the Bankruptcy Code, was an abuse of discretion because for most of the class, individual damages determinations will be the only meaningful relief obtained, and have nothing to gain from an injunction.

The third example, *Bessette v. Avco Financial Services, Inc.*, 230 F.3d 439 (1st Cir.2000), concerned the alleged misconduct of Avco in securing the reaffirmation agreement of the appellant's prepetition debt that had been successfully discharged in bankruptcy. Appellant filed her complaint in the district court seeking damages for violation of the automatic stay and discharge orders and moved to certify a class of similarly situated debtors; it was not clear whether the putative class was nationwide or within the area served by the district court. The district court dismissed the cause of action, and an appeal followed. The First Circuit held that (1) the Bankruptcy Court is empowered Section 105(a) to exercise its equitable powers where necessary or appropriate to facilitate the implementation of other Bankruptcy Code provisions, although it is not "a roving commission to do equity." *Id.* at 444; also, Section 105 does not itself create a private right of action. *Id.* at 444–45. (2) It follows that Section 105 provides a bankruptcy court with statutory contempt powers, in addition to whatever inherent contempt powers the court may have. *Id.* at 445. (3) Enforcement of the discharge order may be done by a district court sitting in bankruptcy. (4) The district court may refer the matter to the bankruptcy court for resolution, including the class claims (the suitability of which for certification is not commented upon by the First Circuit), or retain the matter for decision.

The Bankruptcy Court's analysis of its jurisdiction to maintain a nationwide class action under its "arising under" jurisdiction is not convincing. Certainly the automatic stay is a provision under the Bankruptcy Code pursuant to which the Bankruptcy Court has jurisdiction to enforce. But when a "case" is filed, there is a bankruptcy estate to be administered for the benefit of creditors as well as giving the debtor a fresh start or a plan to proceed to a better financial position. The "proceedings" that follow are all matters for the bankruptcy court to resolve in administering the bankruptcy estate, whether they "arise under," "arise in," or are "related to" "cases under title 11." The "proceedings" still concern a particular bankruptcy estate. The most attenu-

ated matters are those proceedings that are "related to" cases under title 11, and even these must be proceedings whose outcome could conceivably have an effect on the bankruptcy estate before the bankruptcy court would have jurisdiction over the proceeding. For a bankruptcy court to assert jurisdiction over a class of persons that include not only the debtor before it but debtors in bankruptcy courts across the nation, while perhaps arguable under the bankruptcy court's and the debtors' thesis, is, nevertheless, problematic and out of step with the basic concern of the bankruptcy court.

■■■ The statute conferring bankruptcy jurisdiction must be construed in a manner consistent with the limited purpose of bankruptcy courts. "[B]ankruptcy jurisdiction is designed to provide a single forum for dealing with all claims to the bankrupt's assets. It extends no farther than its purpose." *Elscint, Inc. v. First Wis. Fin. Corp. (Matter of Xonics, Inc.)*, 813 F.2d 127, 131 (7th Cir.1987). Bankruptcy courts were not set up to be "forum[s] for recovery of money that would not be part of the bankruptcy estate or of th[e] Debtor." *In re Lenior*, 231 B.R. 662, 668 (Bankr.N.D.Ill.1999). To apply the expansive standard found by the bankruptcy court would indeed, as Defendant suggests, open bankruptcy courts to be used as forums available for the general resolution of disputes so long as the matter is brought pursuant to some provision of the Bankruptcy Code, regardless of whether there were a bankruptcy case pending in the district where the claim is filed. This impermissibly broadens the bankruptcy court's jurisdictional purpose—to serve as a single forum to resolve all claims against the estate of the debtor. "[I]t is the relation of the dispute to estate, and not of party to estate, that establishes [bankrupt-

cy] jurisdiction." *Matter of Xonics, Inc.*, 813 F.2d at 131.

■ The interpretation of "arising under" jurisdiction *In re Noletto* 244 B.R. 845, 849 (Bankr.S.D.Ala.2000), must be rejected. The above review of the meaning of "case" and "proceeding" in the statutes describing bankruptcy court jurisdiction reveals that a "civil proceeding" is something that can only exist in the context of a particular debtor's "case" and must, perforce, be related to that "case." The construction given by *Noletto* is not persuasive because the concept of a claim relating to a bankruptcy estate is not limited to the "related to" category of possible proceedings. There is always inherent in the bankruptcy case the bankruptcy estate, and it is the effect upon this estate of "proceedings" that determines whether the bankruptcy court should exercise jurisdiction over the "proceeding." Other than the Clines' claims, there is absolutely no relationship between the putative class members' automatic stay claims and the Clines' bankruptcy—resolution of those claims will have no impact on the Clines' estate. There is no "arising under" jurisdiction over the putative class members automatic stay claims.

■ Moreover, reading the venue provisions of 28 U.S.C. §§ 1409–1413 in a way that harmonizes with the statutory framework, one must conclude that "arising under" jurisdiction requires that the claims asserted under title 11 be related to the bankruptcy case in which they are asserted. Section 1409 provides:

> Except as otherwise provided in subsections (b) and (d), a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending.

Thus, venue over the putative class members' claims is proper only in the courts in

which the putative class members' bankruptcy petitions were filed. Construing the jurisdictional statute properly, with proper recognition of the "civil proceedings" clause preceding "arising under title 11", and in harmony with the bankruptcy venue provisions, "arising under" jurisdiction must be interpreted to require a relationship between the claims that arise under title 11 and the bankruptcy case in which they are asserted. The Clines' claim against the Defendant is the only claim over which the bankruptcy court has jurisdiction. The claims of the putative class members must be brought in the courts where their own bankruptcies are pending. Although Federal Rule of Bankruptcy Procedure 7023 provides for the maintenance of class actions, Rule 9030 expressly cautions that the "rules shall not be construed to extend ... the venue of any matters" brought in the bankruptcy courts. When the Seventh Circuit in *Cox* opined that suits under the Bankruptcy Code can proceed as class actions *in appropriate circumstances*, this does not appear to be an open invitation to maintain a nationwide class action that would purport to address violations of the automatic stay in various bankruptcy courts across the country, nor does it appear to ignore the basic requirement of a relationship to a particular bankruptcy case. The cases cited in *Cox*, examined above, involved (1) a prepetition class action against a debtor—certainly a connection to an estate under the bankruptcy court's jurisdiction, (2) a holding that a bankruptcy court has contempt power that may *or may not* be suitable for enforcement by class certification, the bankruptcy court's control of the bankrupt's affairs perhaps giving it sufficient control, and (3) a holding that it was an abuse of discretion to certify a class where an individual determination of damages was necessary. None of these cases support the bankruptcy decision herein

that it is appropriate to maintain a nationwide class action claiming violation of the automatic stay. The most one may say is that it may be appropriate under certain circumstances to maintain a class action in bankruptcy court as long as the violation claimed occurred within that court's district.

To say that the automatic stay is not an individually crafted order and that, therefore, violation claims need not necessarily be brought in the court where the violation occurred ignores the meaning of a "case" and a "proceeding" and the vested interest a court has in punishing those who disobey its orders. *In re Williams*, 244 B.R. 858 (S.D.Ga.2000) is a case in point. There, Plaintiff alleged violation of the automatic stay and sought monetary relief on behalf of himself and the class. The Court held that the function of Section 1334(e)(giving the district court in which the title 11 case is commenced exclusive jurisdiction over the debtor's property wherever located) is to ensure that only one court administers the bankruptcy estate of a debtor. *Id.* at 866. The Court continued: "A procedural rule such as Rule 23 authorizing class actions, of course, cannot be read as enlarging the limited jurisdictional grant of § 1334." *Id.* From there, the Court reasoned:

If the claims raised by Plaintiff on behalf of the putative members of the debtor class are "property" of each individual debtor's bankruptcy estate, § 1334(e) prohibits this Court—or any court other than "[t]he district court in which [the] case under title 11 is commenced or pending" for that matter—from exercising jurisdiction over that property.

*In re Williams*, 244 B.R. at 866. Furthermore, the Court continued:

Indeed, § 1334(e) also explains why an individual debtor who has commenced a

bankruptcy case in one district cannot seek damages against a party for violation of the automatic stay under § 362(h) from another district court. *Pereira v. First North American National Bank*, 223 B.R. 28, 31 (N.D.Ga. 1998).

*Id.,* n. 9. Thus, the Court dismissed the class action component of Plaintiff's complaint with respect to the claims of the putative class members who commenced their bankruptcy cases outside the district, and, because a damages remedy for violation of the automatic stay is property of the bankruptcy estate, jurisdiction over that cause of action lies exclusively in the court wherein the bankruptcy case was commenced, and the court had no jurisdiction to hear the damages actions of debtors whose bankruptcy cases commenced outside the Southern District of Georgia. *Id.* at 867.

There may also be a constitutional issue with the concept of a bankruptcy court exercising jurisdiction over out-of-district class members. While the individual district courts may refer their bankruptcy cases to their bankruptcy courts, a bankruptcy court in this district could not be considered having received such referral from another district court. *See* Corinne Ball & Michelle J. Meises, *Current Trends in Consumer Class Actions in the Bankruptcy Arena*, 56 Bus. Law. 1245 (May 2001). The integrity and finality of bankruptcy cases throughout the country could be threatened, as well, if bankruptcy courts in other jurisdictions could address alleged violations of the automatic stay in cases pending in other courts. *Id.*

Construing the statutes conferring bankruptcy jurisdiction in a manner consistent with the limited purpose of bankruptcy courts—to provide a single forum for dealing with all claims to the bankrupt's assets—there is no "arising under" jurisdiction to certify a class action for violation of the automatic stay where resolution of the class claims bears no relationship and will have no impact upon the bankruptcy estate before the particular bankruptcy court. Therefore, in the Clines' case, the bankruptcy court's decision that it had "arising under" jurisdiction over the putative class members' automatic stay claims must be reversed.

## CONCLUSION

The Bankruptcy Court for the Western District of Washington does not have authority to certify and adjudicate the claims of a nationwide class of debtors seeking recovery for violation of the automatic stay (§ 362) or discharge order (§ 524) for all the foregoing reasons discussed in the sections above.

ACCORDINGLY,

IT IS ORDERED:

The decision of the Bankruptcy Court for the Western District of Washington is AFFIRMED in part and REVERSED in part as follows:

1. The Bankruptcy Court's decision that a claim of violation of its discharge order is only remediable through contempt proceedings, and that it lacked jurisdiction to enforce violations of Section 524 through contempt proceedings unless the debtors received their discharge from this district's bankruptcy court is AFFIRMED;

2. The Bankruptcy Court's decision that it had "arising under" jurisdiction over class claims for violation of the automatic stay, reasoning that this was so because the claims arose under Title 11, and thus invoked a substantive right under the bankruptcy code, is REVERSED for the reasons discussed above.