**In re Donald E. SMITH, Debtor.**

**Donald E. Smith, Plaintiff,**

v.

**Fairbanks Capital Corporation, Defendant.**

**Bankruptcy No. 02–41629–JDW. Adversary No. 03–4015.**

United States Bankruptcy Court, S.D. Georgia, Savannah Division.

Aug. 15, 2003.

Judson C. Hill, Timothy D. Roberts, Savannah, GA, for Debtor.

Mary Grace Diehl, Thomas R. Walker, Atlanta, GA, for Fairbanks.

## MEMORANDUM OPINION

JAMES D. WALKER, Jr., Bankruptcy Judge.

This matter comes before the Court on Fairbanks Capital Corporation's motion to dismiss Debtor Donald E. Smith's class action complaint, which alleges improper assessment and collection of attorney fees by Fairbanks. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(B) and (O). After considering the pleadings, the evidence, and the applicable authorities, the Court enters the following findings of fact and conclusions of law in conformance with Federal Rule of Bankruptcy Procedure 7052.

### Findings of Fact

Debtor, Donald E. Smith, filed a Chapter 13 petition on May 24, 2002. His plan was confirmed on October 6, 2002. Fairbanks Capital Corporation filed a proof of claim in Debtor's case that set forth a secured claim of $27,848.85, including a $10 arrearage. The claim did not disclose that Fairbanks would seek payment of attorney fees incurred between the date of filing and the date of confirmation. Fairbanks did not make an application pursuant to Rule 2016 for such attorney fees. Debtor alleges that Fairbanks has posted such attorney fees to Debtor's account and has collected those fees directly from Debtor because Fairbanks' claim is being paid outside the plan.

Debtor filed this class action complaint on January 30, 2003, stating five counts: (1) claims objection; (2) request for sanctions; (3) declaratory and equitable relief; (4) claim disallowance; and (5) violation of the automatic stay. Fairbanks responded by filing the motion to dismiss at issue here.

### Conclusions of Law

Debtor has filed its complaint as a class action. Federal Rule of Civil Procedure ("FRCP") 23(c)(1) requires that "[a]s soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained." The Eleventh Circuit Court of Appeals has said that "the [class] certification decision itself should come early in the litigation." *Armstrong v. Martin Marietta Corp.*, 138 F.3d 1374, 1389 (11th Cir.1998) (superseded by Fed. R.Civ.P. 23(f) on other grounds). An early consideration of class certification does not harm the parties because, "[e]ven after a certification order is entered, the judge remains free to modify it in the light of subsequent developments in the litigation." *Forehand v. Florida State Hosp.*, 89 F.3d 1562, 1566 (11th Cir.1996). Nevertheless, in *Telfair v. First Union Mortgage Corp.*, 216 F.3d 1333 (11th Cir.2000), the court said, "It was within the [bankruptcy] court's discretion to consider the merits of the claims before their amenability to class certification. With no meritorious claims, certification of those claims as a class action is moot." *Id.* at 1343 (internal citations omitted). Likewise, in this case, if

the complaint cannot survive Fairbanks' motion to dismiss, the class action is moot. As a result, the Court will consider dismissal before addressing the issue of class certification.

## I. *Motion to Dismiss*

### A. *Rule 12(b)(1): lack of standing*

Fairbanks first challenges the Court's subject matter jurisdiction pursuant to FRCP 12(b)(1) on the ground that Debtor lacks constitutional standing to bring this suit. Article III of the Constitution provides that federal courts may only hear cases or controversies.[1] "[S]tanding is an essential and unchanging part of the case-or-controversy requirement ...." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992). In *Lujan*, the Court set forth a three-part test for standing:

First, the plaintiff must have suffered an "injury in fact"-an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of-the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Id.* at 560–61, 112 S.Ct. at 2136 (internal citations and quotation marks omitted).

Fairbanks has argued that standing in bankruptcy is narrower than Article III standing and that it is limited to those who have a pecuniary interest in the outcome. However, the cases cited by Fairbanks deal with the issue of standing to object to or to appeal a bankruptcy order, not standing to pursue an adversary proceeding. *Cult Awareness Network, Inc. v. Martino (In re Cult Awareness Network, Inc.)*, 151 F.3d 605, 607 (7th Cir.1998); *Fidelity Bank, N.A. v. M.M. Group, Inc.*, 77 F.3d 880, 882 (6th Cir.1996); *Willemain v. Kivitz*, 764 F.2d 1019, 1022 (4th Cir. 1985). The court in *Kane v. Johns–Manville Corp.*, 843 F.2d 636 (2d Cir.1988), distinguished between Article III standing and standing to appeal a bankruptcy order, noting that the "pecuniary interest" or "person aggrieved" standard for appeals "is more exacting than the constitutional case or controversy requirement imposed by Article III, for under the constitutional 'injury in fact' test, *the injury need not be financial.*" *Id.* at 642 n. 2 (emphasis added). *See also Westwood Community Two Ass'n, Inc. v. Barbee (In re Westwood Community Two Ass'n. Inc.)*, 293 F.3d 1332, 1337 (11th Cir.2002) (noting that the right to be heard in a Chapter 7 or Chapter 11 case is based on the "party in interest" standard, while the right to appeal a bankruptcy order is based on the more stringent "person aggrieved" standard, which requires a direct financial stake).

■ Regardless of whether constitutional standing in bankruptcy requires a pecuniary interest, Debtor satisfies those requirements. First, he has alleged an in-

---

**1.** "The judicial Power shall extend to all Cases ... [and] to Controversies ...." U.S. Const. Art. III, sec. 2, cl. 1. Although bankruptcy courts are Article I courts rather than Article III courts, their jurisdiction is derived from the district courts. Because the jurisdiction of district courts is limited by the case or controversy requirement, so is the jurisdiction of the bankruptcy courts. *U.S. v. Amoskeag Bank Shares, Inc. (In re Amoskeag Bank Shares, Inc.)*, 239 B.R. 653, 657 n. 3 (D.N.H.1998); *In re Interpictures, Inc.*, 86 B.R. 24, 28–29 (Bankr.E.D.N.Y.1988).

jury in fact: Fairbanks has violated his rights under the Bankruptcy Code with respect to certain attorney fees. Second, a causal connection exists: it is Fairbanks action of collecting money from Debtor that violates Debtor's rights. Third, redressability is satisfied: if Debtor prevails, Fairbanks will have to return money collected and refrain from collecting further amounts.

■ In some situations, such as objecting to a proof of claim or seeking reconsideration of the allowance of a claim, the Bankruptcy Code and Rules limit who may act to parties in interest.[2] The term "party in interest" has been defined "to include anyone whose financial interest may be affected by the outcome of a bankruptcy case." *In re Barnes*, 275 B.R. 889, 893 (Bankr.E.D.Cal.2002). To the extent Debtor must be a party in interest to bring his claims, he satisfies this standard because payments to Fairbanks are made outside the plan from Debtor's own funds. *Telfair*, 216 F.3d at 1340.

B. *Rule 12(b)(6): failure to state a claim upon which relief can be granted*

Fairbanks has asserted that Debtor's complaint fails to state a claim upon which relief can be granted pursuant to FRCP 12(b)(6). In evaluating such a motion, "a court must accept the allegations in the complaint as true, construing them in the light most favorable to the plaintiffs." *White v. Lemacks*, 183 F.3d 1253, 1255 (11th Cir.1999). The Court must deny the motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S.

41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

Plaintiff's complaint alleges that Fairbanks posted postpetition, preconfirmation attorney fees to his account and collected those fees directly from Debtor. As will become evident, the allegation that Fairbanks collected the fees is central to all of Debtor's claims. While the Court is obligated to accept Debtor's allegations of fact as true, the allegation regarding collection of attorney fees is not so much a fact as a conclusion bereft of any supporting facts. As long as Fairbanks has not demanded and has not been paid more than the amount listed in its proof of claim, any allegation of improperly collecting attorney fees is anticipatory. Debtor does not dispute that Fairbanks is entitled to the amount listed on its proof of claim, nor does Debtor allege that Fairbanks has actually received more than that amount. Thus, Debtor's allegation relates only to the manner in which Fairbanks has allocated payments received, which is a matter of Fairbanks' internal record keeping, not an actual collection of attorney fees.

Plaintiff's complaint asserts a challenge to Fairbanks' proof of claim, asserts a violation of the automatic stay, and asserts an abuse of the bankruptcy process. As remedies, Debtor seeks claim disallowance, actual and punitive damages, and declaratory and injunctive relief.

1. Challenge to Claim

**Objection to claim:** Debtor has presented an objection to Fairbanks' proof of claim on the ground that it fails to disclose Fairbanks' intent to seek postpetition, preconfirmation attorney fees. However, Fairbanks' failure to disclose its intentions

**2.** "A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, *unless a party in interest ... objects.*" 11 U.S.C.A. § 502(a) (West 1993) (emphasis

added). "A *party in interest* may move for reconsideration of an order allowing or disallowing a claim against the estate." Fed. R. Bankr.P. 3008 (emphasis added).

is not a valid basis for objecting to a proof of claim. Debtor's objection actually goes to the booking of certain attorney fees by Fairbanks and the allocation of money paid to those fees. Such an objection has nothing to do with the proof of claim itself.

■ Even if Debtor had made out a proper objection with respect to the amount of the proof of claim, it would be untimely. Neither the Bankruptcy Code nor the Bankruptcy Rules provide any deadline for objecting to claims, but courts have determined claims objections to be untimely when they are made postconfirmation. In *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th Cir.1990), the court held that when an objection to a proof of claim "is based on an argument that the plan *misclassified* the objectionable claim, the objection must be made prior to confirmation of the plan." *Id.* at 1553 (emphasis added). More recently, the Eleventh Circuit has refused to allow a postconfirmation objection contesting the *amount* of the claim. *Universal Amer. Mortg. Co. v. Bateman (In re Bateman)*, 331 F.3d 821, 828 (11th Cir.2003). In light of *Bateman*, the Court cannot entertain a postconfirmation claim objection raised by Debtor based on the amount of Fairbanks' claim.

**Reconsideration of claim:** Debtor has also characterized his cause of action with respect to the proof of claim as one for reconsideration of the allowance of Fairbanks' claim. Pursuant to Section 502(j), "[a] claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case." 11 U.S.C.A. § 502(j) (West 1993). In *Colley v. National Bank of Texas (In re Colley)*, 814 F.2d 1008 (5th Cir.1987) the court concluded that reconsideration for cause of a claim that "has in fact been litigated between parties to a bankruptcy proceeding" should be done pursuant to Federal Rule of Civil Procedure 60(b), which provides the standards for relief from a judgment or an order.[3] *Id.* at 1010.

■ The proof of claim in this case was allowed without actual litigation because there was no timely objection to it. In other words, it was deemed allowed rather than allowed by court order. This Court has previously considered the application of Rule 60(b) as the standard for cause to reconsider a claim that had not been challenged. *In re Clark*, 172 B.R. 701, 704–05 (Bankr.S.D.Ga.1994) (Walker, J.); *but see Layne v. Firstar Bank, N.A. (In re Layne)*, No. 98–13017, Adv. No. 99–1078A, 2000 WL 33943200, at *4 n.4 (Bankr. S.D.Ga.2000) (questioning *Clark's* application of Rule 60(b) to reconsideration of claims not previously litigated); *In re Gomez*, 250 B.R. 397, 401 (Bankr.M.D.Fla. 1999) (rejecting the Rule 60(b) standard for reconsideration of claims that had been deemed allowed). The Court concludes that the Rule 60(b) standard should only apply when the Court has actually entered an order allowing or disallowing the claim subsequent to a challenge to that claim.

**3.** Rule 60(b) provides for relief from judgment in the event of

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b).

When there has been no previous litigation on the claim, the Court should consider "(1) the extent and reasonableness of the delay, (2) the prejudice to any party in interest, (3) the effect on efficient court administration, and (4) the moving party's good faith." *Gomez*, 250 B.R. at 401.

Debtor has argued that Fairbank's assessment and collection of postpetition, preconfirmation attorney fees against Debtor was not discovered until well after confirmation. Because they were not disclosed, Debtor had no reason to object to the proof of claim on the grounds that Fairbanks was not oversecured or that Fairbanks was not entitled to attorney fees under the mortgage. However, even assuming Debtor can prove that Fairbanks is not entitled to attorney fees under bankruptcy law, Debtor still has no basis for challenging the claim. As explained above, until Fairbanks has collected or attempted to collect more than the amount listed on its proof of claim-which consists of principal, interest, and arrearages-its actions are not objectionable. Without any basis for challenging the proof of claim, Debtor has no grounds to request reconsideration of an allowed claim.

**Disallowance of claim pursuant to § 502(d):** Debtor has also argued that Fairbanks' claim should be disallowed in its entirety pursuant to Section 502(d) because its receipt of payments for postpetition, preconfirmation attorney fees is an avoidable transfer pursuant to Section 549(a).[4] In other words, Debtor is seeking reconsideration of the allowance of the claim. As explained above, Debtor does not have any ground for seeking reconsideration. Because Debtor has failed to state a claim for reconsideration, the Court need not consider the merits of the Section 502(d) argument.

Because an objection to Fairbanks' claim is untimely and because Debtor has no basis for either objecting to the claim or seeking reconsideration of the claim, Debtor's challenge to the proof of claim will be dismissed.

## 2. Violation of Automatic Stay

Debtor has alleged that Fairbanks violated Sections 362(a)(3) and (a)(5)[5] of the automatic stay by assessing and collecting unauthorized attorney fees. However, as explained in detail above, Debtor's complaint in this case is only sufficient to allege that Fairbanks has included accrued fees on Debtor's account as part of its internal record keeping procedures.

■ A creditor's notation of accruing attorney fees does not by itself violate the automatic stay. Because one purpose of the automatic stay is to prevent "disorderly, piecemeal dismemberment of the debtor's estate[,] .... postpetition bookkeeping entries by [the creditor] did not implicate Bankruptcy Code § 362(a)(3)."

---

**4.** "[T]he trustee may avoid a transfer of property of the estate(1) that occurs after the commencement of the case; and ... that is not authorized under this title or by the court." 11 U.S.C.A. § 549(a) (West 1993).

**5.** Section 362(a) provides in relevant part as follows:

Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title ... operates as a stay, applicable to all entities, of-

...

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate; [and]

...

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title[.]

11 U.S.C.A. §§ 362(a)(2) & (a)(5) (West 1993 & Supp.2003).

*Mann v. Chase Manhattan Mortg. Corp.*, 316 F.3d 1, 3 (1st Cir.2003). The court in *Mann* explained that violation of that section requires an overt act. *Id.* at 4. Debtor argues that Fairbanks notified him that he was under an obligation to pay the attorney fees in question and that interest would accrue on those fees until paid. However, until Fairbanks demands from Debtor more than it is entitled to under its allowed proof of claim, it cannot be said to have taken any overt act to collect those fees. Debtor has not alleged that Fairbanks has attempted to actually collect more than $27,848.85.

Similarly, with respect to Section 362(a)(5), Fairbanks' internal record keeping does not serve to expand the existing lien or create a new one absent some effort to obtain more than was owed at the time of filing. As noted in *Mann*, Debtor has not alleged that Fairbanks "has undertaken any action to *modify* its original record lien." *Id.* (emphasis added).

Because Debtor has not alleged that Fairbanks has actually attempted to collect an amount in excess of its proof of claim, it has not stated a claim under Section 362. Therefore, all counts arising from such a claim will be dismissed.

### 3. Abuse of Bankruptcy Process

Finally, Debtor has alleged that Fairbanks' actions constitute an abuse of the bankruptcy process. Debtor has essentially asserted a claim for contempt under Section 105(a)[6] based on Fairbanks' failure to comply with Section 506(b).[7] However, it does not appear the alleged conduct of Fairbanks violates any provision of bankruptcy law. Section 506(b) provides for the accrual of attorney fees and interest for oversecured creditors and cannot be "violated." If a creditor were to collect fees to which it were not entitled under Section 506(b), the debtor's recourse would be to a nonbankruptcy law claim such as breach of contract or conversion, not a claim under Section 506(b), which does not provide a cause of action.

The Court can find no violation of bankruptcy law in Fairbanks' conduct and therefore cannot theorize any actionable claim that could be asserted under Section 105(a) based on these facts.[8] Thus, the Court finds that Debtor has failed to state a claim for abuse of the bankruptcy process.

## II. *Class Certification*

Having determined that Debtor's complaint must be dismissed in its entirety for failure to state a claim upon which relief

---

6. "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C.A. § 105(a) (West 1993).

7. Section 506(b) provides:

   To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.

   11 U.S.C.A. § 506(b) (West 1993).

8. While the Court is unaware, at this time, of any facts that would state such a claim, it hesitates to declare that no set of facts could ever state a claim. Section 105(a) does not define a right of action; however an order under Section 105(a) may be deemed to be relief granted pursuant to a court created right of action. Following that construct, it could be argued that any request under Section 105(a) should survive at motion to dismiss for failure to state a claim because the movant could contend the court always has the right to recognize a claim that fits the movant's specifications. Thus, it must be held that claims purportedly stated under Section 105(a) will be narrowly construed.

can be granted, the Court need not consider the question of class certification.

III. *Conclusion*

The Court finds that Debtor has standing to bring his complaint. The Court further finds that Debtor has failed to state a claim upon which relief may be granted with respect to challenging Fairbanks' proof of claim, alleging a violation of the automatic stay, and alleging abuse of the bankruptcy process. As a result, those claims must be dismissed.

An Order in accordance with this Opinion will be entered on this date.