Sheldon GUETLING and Julie Guetling, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

HOUSEHOLD FINANCIAL SERVICES, INC., Defendant.

No. 3:04–cv–219–J–16MCR.

United States District Court, M.D. Florida, Jacksonville Division.

July 20, 2004.

Amiee R. Buckman, Yardley D. Buckman, II, Buckman & Buckman, Sarasota, FL, Jill H. Bowman, John Allen Yanchunis, Sr., James, Hoyer, Newcomer & Smiljanich, P.A., Tampa, FL, for Plaintiffs.

D. Jean Ryan, Guy E. Motzer, Traci H. Rollins, Steel, Hector & Davis, LLP, West Palm Beach, FL, for Defendant.

## *ORDER*

JOHN H. MOORE, II, District Judge.

Before the Court are the Defendant, Household Financial Services, Inc.'s ("Household") Dispositive Motion to Dismiss Complaint and Supporting Memorandum of Law (Dkt. 14), Motion to Strike Jury Trial Demand and Accompanying Memorandum of Law (Dkt. 15), and Motion to Strike Claims for Attorney's Fees and for Special Damages, and Accompanying Memorandum of Law (Dkt. 16). Despite being granted an extension in which to respond to Household's Motions (Dkt. 21), the Plaintiffs have not filed a timely response to any of the Motions. Instead, they filed a Motion for Leave to Amend Complaint in Lieu of Response to Defendant's Motion to Dismiss and Memorandum of Law in Support (Dkt. 22), asking this Court to avoid ruling on Household's Motion to Dismiss and instead allow them to amend their claims. Household does not object to the request to amend (Dkt. 24).

## I. Background

The Plaintiffs' Class Action Complaint and Demand for Jury Trial (Dkt. 1) was filed on March 25, 2004, alleging claims on behalf of the Plaintiffs and "all others similarly situated" (nationwide) based on Household's alleged violations of the United States Bankruptcy Code. The Plaintiffs claim that "Household has engaged in a scheme of unlawfully restructuring or otherwise assessing improper and illegal charges against Plaintiffs' and the Class Members' residential mortgages during the pendency of their Chapter 13 bankruptcy proceedings in violation of the United States Bankruptcy Code and the automatic stay and discharge provisions." Dkt. 1, ¶ 2. They assert jurisdiction in this Court pursuant to 28 U.S.C. § 1331, and they further allege that they were discharged in a Chapter 13 bankruptcy proceeding in the United States Bankruptcy Court, Middle District of Florida, after complying with the requirements of their confirmed plan. *Id.* at ¶¶ 7–8.

According to the Plaintiffs, they are bringing this action on behalf of all individuals nationwide "who have had a mortgage loan serviced by Household during the pendency of their Chapter 13 bankruptcy proceeding who made payments through a confirmed plan and nonetheless were subject to illegal charges, fees, costs, or had their loan restructured" in violation of 11 U.S.C. §§ 362, 1327, and 1328 (incorporating 11 U.S.C. § 524). *Id.* at ¶ 10. The Plaintiffs allege that Household ignored bankruptcy proceedings and proceeded to restructure loans and arbitrarily direct or accumulate principal, interest and arrearage payments "under a confirmed Chapter 13 plan to reserve account deficits accruing prior to the Plan completion without Court authority during the term of Plan administration." *Id.* at ¶ 11. Even after plan confirmations, the Plaintiffs claim that Household has continued to maintain each individual's account in delinquent status or improperly restructured the loan to add delinquent status amounts to the principal amount of loan. In other words, they claim that Household has improperly and illegally increased the principal amounts of loans, as well as illegally added fees, costs and charges to the amounts owed, despite the discharge of the debtors in bankruptcy, violating bankruptcy laws both before and after plan discharge. *Id.* at ¶¶ 12–16.

As individuals, Mr. and Mrs. Guetling claim that they filed a Chapter 13 petition in the Middle District of Florida in September 1999, and Household was a secured mortgage lien creditor at that time. Their Chapter 13 plan was allegedly approved by the Court in May 2000, after which the Plaintiffs say they made all payments pursuant to the plan. Nonetheless, during the course of the bankruptcy proceedings, the Plaintiffs allege that Household improperly misapplied post-confirmation payments, asserted additional charges and fees against the Plaintiffs, improperly diverted payments to cover these improper fees, improperly restructured their loan to add the improper charges in violation of the plan, and improperly failed to reinstate the mortgage after completion of the plan payments. The Plaintiffs purport to make claims for violation of the automatic bankruptcy stay in 11 U.S.C. § 362(a); violation of confirmed plan provisions under 11 U.S.C. § 1327, as made enforceable through 11 U.S.C. § 105(a); violation of discharge provisions under 11 U.S.C. § 1328; and for declaratory and injunctive relief on behalf of themselves and all other class members who have been subject to the improper actions of Household during Chapter 13 proceedings. The Plaintiffs allege that uniform legal issues predominate among this nationwide class, which they estimate consists of several thousand members.

In moving to dismiss the Plaintiffs' Complaint in its entirety, Household primarily argues that the Plaintiffs have not sufficiently alleged that Household's conduct violated the automatic stay provisions of the Bankruptcy Code, and in any event, the various claims the Plaintiffs attempt to make cannot be maintained because the Code provisions do not provide for a private damages action. Moreover, Household argues that the proper basis for jurisdiction in this Court is pursuant to its bankruptcy jurisdiction (28 U.S.C. § 1334), not pursuant to Section 1331 general federal question jurisdiction as alleged by the Plaintiffs.

## II. Standard of Review

To prevail on a motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, the Defendant must show beyond all doubt that the Plaintiffs can prove no set of facts in support of their claims such that dismissal is proper. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Hishon v. King & Spalding*, 467 U.S. 69, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Luckey v. Harris*, 860 F.2d 1012, 1016 (11th Cir.1988). In other words, courts generally disfavor motions to dismiss and only grant such motions in rare circumstances. *See Gasper v. La. Stadium and Exposition Dist.*, 577 F.2d 897, 900 (5th Cir.1978). Moreover, the Court is required to accept all of the Plaintiffs' well-pleaded facts as true, and all reasonable inferences are to be construed in the light most favorable to the Plaintiffs. *See, e.g., Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1274, n. 1 (11th Cir.1999); *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir.1998); *Rickman v. Precisionaire, Inc.*, 902 F.Supp. 232, 233 (M.D.Fla.1995).

## III. Discussion

In its Motion, Household initially argues that the Plaintiffs have improperly invoked this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, instead of invoking the Court's bankruptcy jurisdiction under 28 U.S.C. § 1334, as these claims are at least "related to" the Plaintiffs' bankruptcy proceedings. *See, e.g., In re Conley*, 26 B.R. 885, 897 (Bankr. M.D.Tenn.1983); *In re Wildman*, 30 B.R. 133, 156 (Bankr.N.D.Ill.1983). Household argues that such claims related to bankruptcy are not subject to jurisdiction under the general terms of Section 1331, in that Congress instead chose to provide a specific jurisdictional grant to district courts in bankruptcy proceedings. As such, Household asserts that the Complaint should either be dismissed based on a lack of subject matter jurisdiction, or this Court should require the Plaintiffs to amend the Complaint to properly state the basis for the Court's jurisdiction.

In addition, Household argues that this Court does not have subject matter jurisdiction over this alleged class of Plaintiffs because it includes debtors from other districts, and accordingly any allegations involving these out-of-state debtors should be stricken from the Complaint. Household contends that this Court cannot have subject matter jurisdiction over a single creditor when the class consists of debtors nationwide. *See, e.g., In re Williams*, 244 B.R. 858, 862 (S.D.Ga.2000). Household likens these claims to defiance of bankruptcy court orders that would be subject to a contempt sanction, and only the local debtors involved in this district (the Guetlings) could properly claim subject matter jurisdiction in this Court. *See id.* at 867–68. Household therefore urges this Court to strike any claims of putative class members which would arise in bankruptcy proceedings outside of this district. *See also In re Nelson*, 234 B.R. 528, 537 (Bankr. M.D.Fla.1999).

Household then argues that all four claims in the Complaint should be dismissed because the Plaintiffs fail to state claims for relief in this Court, or otherwise lack standing to pursue those claims. In addressing Count I, Household argues that the Plaintiffs have failed to allege any violations of the automatic stay provisions of 11 U.S.C. § 362(a). Household asserts that instead, all of the allegations highlighted above are simply "entries made on Household's internal records," which the Plaintiffs do not allege were ever communicated to them or otherwise had any effect on them prior to bankruptcy discharge. Household contends that such allegations therefore cannot give rise to violations of the automatic stay during bankruptcy. *See, e.g., Mann v. Chase Manhattan Mortgage Corp.,* 316 F.3d 1, 3 (1st Cir.2003); *Smith v. Fairbanks Capital Corp.,* 299 B.R. 687 (Bankr.S.D.Ga. 2003).

As to Counts II and III, Household asserts that these counts should be dismissed because no private damages action exists for violations of these bankruptcy provisions. In Count II, the Plaintiffs attempt to state a claim for damages based on a violation of 11 U.S.C. § 1327, allegedly made enforceable through 11 U.S.C. § 105(a). However, Household argues that even in tandem with Section 105 (entitled "Power of court"), Section 1327 of the Bankruptcy Code (entitled "Effect of confirmation") does not provide a private right of action. *See, e.g., In re Sims,* 278 B.R. 457, 473 (Bankr.E.D.Tenn.2002); *Bessette v. Avco Financial Svcs., Inc.,* 230 F.3d 439, 444–45 (1st Cir.2000); *United States v. Sutton,* 786 F.2d 1305, 1308 (5th Cir. 1986); *Pertuso v. Ford Motor Credit Co.,* 233 F.3d 417, 423 (6th Cir.2000). Instead, Household argues that the "traditional remedy" for violations of these provisions and Bankruptcy Court injunctions is through a contempt proceeding, not a private cause of action for damages. *See also Cox v. Zale Delaware, Inc.,* 239 F.3d 910, 917 (7th Cir.2001); *In re Hardy,* 97 F.3d 1384, 1390–91 (11th Cir.1996); *In re Jove Engineering v. I.R.S.,* 92 F.3d 1539, 1555–59 (11th Cir.1996). Household therefore urges this Court to dismiss Count II.

Similarly, Household claims Count III should be dismissed because no private cause of action exists for alleged violations of 11 U.S.C. § 1328, incorporating § 524. Although the Plaintiffs attempt to claim that Household violated the discharge order by improperly restructuring the Plaintiffs' loan after confirmation of the plan, Household argues that Section 524 does not create any express private remedy. *See, e.g., Pertuso,* 233 F.3d at 421–23; *Pereira v. First North American Nat'l Bank,* 223 B.R. 28, 30 (N.D.Ga.1998); *Cox v. Zale Delaware, Inc.,* 239 F.3d 910, 917 (7th Cir.2001). Instead, as in Count II, Household argues that Count III should be dismissed because its allegations are only cognizable through a contempt action.

Finally, Household argues that Count IV, the Plaintiffs' claim for injunctive and declaratory relief, should be dismissed for two reasons. First, Household claims that the Plaintiffs do not have standing to bring their claims for injunctive relief because they do not have a "personal stake" in such relief. *See, e.g., City of Los Angeles v. Lyons,* 461 U.S. 95, 98, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983); *Tucker v. Phyfer,* 819 F.2d 1030, 1033 (11th Cir.1987); *Washington v. Vogel,* 156 F.R.D. 676 (M.D.Fla.1994). In other words, because the Plaintiffs do not allege that they will again file for Chapter 13 protection, there is no basis for standing to seek an injunction regarding any of Household's future actions. *See also Lenior v. GE Capital Corp.,* 231 B.R. 662, 670 (Bankr.N.D.Ill. 1999).

Second, Household claims Count IV should be dismissed because the Plaintiffs cannot claim declaratory and injunctive relief on behalf of the putative class, pursuant to Rule 23(b)(2), Federal Rules of Civil Procedure, when monetary damages "predominate" in the Complaint. *See Ticor Title Ins. Co. v. Brown,* 511 U.S. 117, 114 S.Ct. 1359, 128 L.Ed.2d 33 (1994); *Allison v. Citgo Petroleum Corp.,* 151 F.3d 402, 415 (5th Cir.1998). In this case, the main focus of the Complaint is on monetary relief, and as such money damages predominate in the Complaint and are not merely "incidental" to the equitable relief sought in Count IV. *See id.; see also Barabin v. Aramark Corp.,* 210 F.R.D. 152, 161 (E.D.Pa.2002); *Washington v. CSC Credit Svcs., Inc.,* 199 F.3d 263 (5th Cir.2000). In short, Household asserts that the alleged monetary damages do not simply flow directly and objectively from the claim for equitable relief, but would require separate determination and calculation for each individual putative class member. *See Washington,* 199 F.3d at 269. Household therefore argues that Count IV's claims for injunctive and declaratory relief are not cognizable under Rule 23(b)(2).

█ Upon review, the Court finds that each of the Defendant's claims for dismissal of the Complaint is well taken. Initially, the Court notes that, while not ultimately fatal to the Plaintiffs' claims, the jurisdictional grant over bankruptcy matters would be the proper basis for this Court's jurisdiction, as opposed to the general federal question jurisdiction set forth in 28 U.S.C. § 1331. *See, e.g., In re Conley,* 26 B.R. at 897; *In re Wildman,* 30 B.R. at 156. Furthermore, it appears clear that this Court cannot have jurisdiction over Household's actions concerning debtors involved in bankruptcy proceedings in other federal district courts. To the extent those alleged out-of-district class members have claims arising from their bankruptcy proceedings in other districts, those districts are the proper locations to bring those claims or to potentially pursue actions for contempt of any court orders. Household's jurisdictional arguments on this ground are therefore well taken and provide a further basis for dismissal of the purported class action Complaint. *See, e.g., In re Williams,* 244 B.R. at 862; *In re Nelson,* 234 B.R. at 537.

█ In addition, Household has convincingly demonstrated that the Plaintiffs have not properly stated claims for relief, in the form of monetary damages, based on alleged violations of the Bankruptcy Code provisions. The Court agrees that not only have the Plaintiffs failed to sufficiently plead violations of the automatic stay, in any event, the Code provisions simply do not provide for a private cause of action for monetary relief. Household correctly points out that the Plaintiffs have not sufficiently alleged that any internal record-keeping or changes on its part were either communicated to the Plaintiffs or had any effect on their bankruptcy proceedings, in violation of the automatic stay. *See, Mann,* 316 F.3d at 3; *Smith,* 299 B.R. at 687. More importantly, however, the Court agrees that the Plaintiffs' allegations arise from alleged violations of Bankruptcy Code provisions, which do not provide for a private action for monetary relief, but instead would potentially allow some other remedy, such as an action for contempt, equitable or other relief, in either this Court or the bankruptcy court. *See In re Sims,* 278 B.R. at 473; *Bessette,* 230 F.3d at 444–45; *Sutton,* 786 F.2d at 1308; *Pertuso,* 233 F.3d at 423.

There is simply no indication that Congress intended private civil actions in district courts to result for alleged violations of the automatic stay in bankruptcy, or actions prior to or after the discharge or-

der is entered, premised solely on the Code provisions themselves. *See also Pereira,* 223 B.R. at 30; *Cox,* 239 F.3d at 917; *In re Hardy,* 97 F.3d at 1390–91; *In re Jove Engineering,* 92 F.3d at 1555–59. The Plaintiffs do not effectively dispute these contentions on the part of Household. Accordingly, the Complaint should be dismissed for failure to state a claim for relief pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure.

Lastly, Household's argument that the Complaint improperly attempts to raise declaratory and injunctive relief claims on behalf of the putative class is also well taken. The Court cannot find that these named Plaintiffs would have any standing to properly raise claims based on Household's future conduct, since their bankruptcy proceedings have now apparently concluded. *See Tucker,* 819 F.2d at 1033; *Washington,* 156 F.R.D. at 676; *Lenior,* 231 B.R. at 670. Moreover, even if the Plaintiffs did have standing, Household is correct that the Complaint is primarily and essentially seeking monetary relief in the form of special and general damages, restitution, attorney's fees and costs, based on the past actions of Household. *See Ticor,* 511 U.S. at 117, 114 S.Ct. 1359; *Allison,* 151 F.3d at 415; *Barabin,* 210 F.R.D. at 161; *Washington,* 199 F.3d at 269. The Plaintiffs' attempts to tack on equitable relief are therefore not cognizable under Rule 23(b)(2), Federal Rules of Civil Procedure.

As previously stated, the Plaintiffs have filed to respond to or in any way dispute any of these arguments made by Household. Instead, they argue that they should be permitted to file an amended complaint, as Household has conceded "as it must, that the factual allegations of the Plaintiffs' complaint, at a minimum, support various causes of action for contempt against Household for violation of Bankruptcy Code provisions," and that these claims can be brought by the proposed class of debtors. Dkt. 22, pg. 2. While the Court seriously doubts that Household has made such concessions, in dismissing the Complaint for failure to state a claim for relief, the Court will give the Plaintiffs an opportunity to amend the Complaint to properly state claims in accordance with this Order.

Accordingly, upon due consideration, it is hereby **ORDERED and ADJUDGED:**

1. Defendant Household's Dispositive Motion to Dismiss Complaint (Dkt. 14) is **GRANTED** and the Plaintiffs' Class Action Complaint (Dkt. 1) is hereby **DISMISSED** in its entirety **without prejudice.**

2. The Plaintiffs' Motion for Leave to Amend Complaint (Dkt. 22) is **GRANTED.** The Plaintiffs shall be permitted to file an amended complaint no later than **fourteen (14) days** from the date of this Order. Failure to file a timely amended complaint will result in the dismissal of this action, with prejudice, without any further notice to the Plaintiffs.

3. Household's Motion to Strike Jury Trial Demand (Dkt. 15) and Motion to Strike Claims for Attorney's Fees and for Special Damages (Dkt. 16) are **DENIED as moot.**