In re Jose R. ALCANTARA and Wendy Alcantara, Debtors.

Jose R. Alcantara and Wendy Alcantara, each individually and on behalf of all others similarly situated, Plaintiffs,

v.

Citimortgage, Inc., Defendant.

Bankruptcy No. 8:07–bk–00100–PMG.
Adversary No. 8:07–ap–0221–PMG.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

April 9, 2008.

Richard J. McIntyre, McIntyre, Deese, Baruch, Panzarella et al., Temple Terrace, FL, for Plaintiffs.

Joey E. Schlosberg, Ruden McClosky Smith et al., St. Petersburg, FL, for Defendant.

## ORDER ON MOTION BY DEFENDANT CITIMORTGAGE, INC. TO DISMISS AMENDED COMPLAINT

PAUL M. GLENN, Chief Judge.

**THIS ADVERSARY PROCEEDING** came before the Court for hearing to consider the Motion to Dismiss Amended Complaint filed by the Defendant, Citimortgage, Inc. (the Defendant) pursuant to Rule 12(b), Fed.R.Civ.P., incorporated into this adversary proceeding by Rule 7012, Fed.R.Bank.P.

Jose R. and Wendy Alcantara, the debtors in this case (the Debtors) commenced this adversary proceeding by filing a Complaint against the Defendant alleging violation of the Florida Consumer Collection Practices Act. Subsequently, the Debtors filed this Amended Class Action Complaint. The Debtors, as plaintiffs, filed the amended complaint "individually and on behalf of all others similarly situated ..." and alleged three counts of violation of the automatic stay imposed by 11 U.S.C. § 362(a)(6).

### Background

The Debtors filed their Chapter 13 petition on January 5, 2007. In their Chapter 13 plan, also filed January 5, 2007, the Debtors provided for the surrender of non-homestead real property secured by mortgage liens of the Defendant. On April 9, 2007, a Motion for Relief from Stay As Property Being Surrendered was filed on behalf of the Defendant with regard to a mortgage loan on property being surrendered, and on April 16, 2007, an Order Granting Citimortgage, Inc. Motion for Relief From Stay was entered. The Order provides:

2. The automatic stay provided by 11 U.S.C. 362 is modified as to CITIMORTGAGE, INC., its successors and assigns to permit the Movant to commence and prosecute a mortgage foreclosure action in state court against real property ...

3. This Order is entered for the sole purpose of allowing CITIMORTGAGE, INC., its successors and/or assigns, to commence, prosecute and complete through judgment, sale, certificate of title and possession, a mortgage foreclosure against the property described above. CITIMORTGAGE, INC., its successors and/or assigns, shall not seek or obtain an *in personam* judgment against the Debtor(s).

IT IS FURTHER ORDERED that Movant may offer and provide Debtor(s) with information in regard to a potential

Forbearance Agreement, Loan Modification Refinance Agreement or other Loan Workout/Loss Mitigation Agreement, and *may enter into such agreement with* Debtor(s). Movant, however, may not enforce or threaten to enforce any personal liability against Debtor(s) if Debtor(s) personal liability is discharged in this bankruptcy.

The Debtors attached two exhibits to their Amended Class Action Complaint. The first exhibit is a letter on Citimortgage letterhead addressed to Mr. Alcantara, dated April 19, 2007, referencing the loan and property, and stating that the loan was in default. Financial information regarding amounts necessary for curing the default was set forth in the second paragraph. The letter also stated the consequences of failure to cure the default, the Debtors' rights to reinstate the loan after acceleration, and the possibility of homeowner counseling. The second exhibit is a Citimortgage Mortgage Account Statement with loan account information and the total amount due. Under the Account Activity section of this one page statement was the declaration, "You must pay the full amount due today. Call our office . . ."

In Count I of the Amended Class Action Complaint the Debtors allege that the post-petition letter attached as Exhibit A to the Complaint and described above is a "Collection Letter" by which the Defendant attempted to collect the debt owed to the Defendant in violation of the automatic stay of § 362(a)(6), which stays "any act to collect, assess, or recover a claim against the debtor that arose before commencement of the case under this title." Count II of the Amended Class Action Complaint concerns the mortgage account statement described above and attached to the complaint as Exhibit B. The Debtors allege that the Defendant violated the automatic stay of § 362(a)(6) by sending postpetition correspondence in the form of "Misleading Mortgage Statements" to the Debtors, although only one statement was attached as Exhibit B to the complaint. In Count III the Debtors allege that the Defendant violated the automatic stay of § 362(a)(6) by misreporting the status of the Debtor's debt, because the Defendant reported the amount due and owing as "unknown" to a credit reporting agency instead of zero, despite the surrender of the real property securing their mortgage lien. The Debtors did not attach any documentation to the complaint with regard to Count III. In each Count, the Debtors allege that "Plaintiffs have suffered damages and incurred attorneys' fees and costs."

## Discussion

The Motion to Dismiss Amended Complaint by the Defendant sets out three reasons for requesting dismissal of the Amended Complaint. The first reason is for a lack of subject matter jurisdiction as to the prospective class members' claims, the second is for a lack of standing, and the third is for failure to state a cause of action. Rule 12(b) of the Federal Rules of Civil Procedure, as made applicable to this adversary proceeding by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, authorizes a defendant to file a motion to dismiss for various reasons: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; (5) insufficiency of service of process; (6) failure to state a claim upon which relief can be granted; (7) failure to join a party under Rule 19.

■ Prior to determining whether the Debtors' suit has potential claims to certify as a class action lawsuit, the Bankruptcy Court has the discretion to determine whether the underlying claims have merit. *Telfair v. First Union Mortgage Corpora-*

*tion*, 216 F.3d 1333, 1343 (11th Cir.2000). As the Eleventh Circuit Court of Appeals stated, "[w]ith no meritorious claims, certification of those claims as a class action is moot." *Id.* Accordingly, the Court will consider the issues raised by the Defendant's Motion to Dismiss prior to considering class action certification issues.

### A. Subject Matter Jurisdiction

In the Amended Class Action Complaint, the Debtors bring the action individually and on behalf of all persons who are members of three sub-classes, and all of whom have filed "a Chapter 13 bankruptcy petition in the Middle District of Florida Bankruptcy Court."

■ Clearly, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(b) as to the Debtors in this case. Section 1334(b) provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11." Pursuant to 28 U.S.C. § 157(a), the District Court in this District has referred these proceedings to the Bankruptcy Judges in the District. "This provision creates jurisdiction in three categories of proceedings: those that 'arise under title 11,' those that 'arise in cases under title 11,' and those 'related to cases under title 11.' The Bankruptcy Court's jurisdiction is derivative of and dependent upon these bases." *In re Toledo*, 170 F.3d 1340, 1344 (11th Cir.1999). *citing Celotex Corp. v. Edwards*, 514 U.S. 300, 307, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995); 1 Lawrence P. King, *Collier on Bankruptcy* ¶ 3.01[4] (15th ed.1998). "Arising under" proceedings are matters invoking a substantive right created by the Bankruptcy Code. *Id.* All counts of the Amended Class Action Complaint allege violations of the automatic stay imposed by 11 U.S.C. § 362(a)(6), and those actions

"arise under" the Bankruptcy Code as to the Debtors.

■ At issue at this time is whether the Court has subject matter jurisdiction as to the putative class action plaintiffs who have filed Chapter 13 bankruptcy petitions in the Middle District of Florida. The Defendant, in its Motion to Dismiss, argues that the potential class members' claims do not "arise under" the Bankruptcy Code or "arise in" the Debtors' bankruptcy case, and the only potential category of jurisdiction is "related to" jurisdiction. In several cases decided in the late 1990s in the Bankruptcy Court of the Northern District of Illinois, the Court concluded that jurisdiction did not lie over class members' claims, since recovery of damages in the cases would not be a part of the bankruptcy estate of the individual debtor bringing the action. *See In re Lenior*, 231 B.R. 662 (Bkrtcy.N.D.Ill.1999)(Schmetterer, J.); *In re Knox*, 237 B.R. 687 (Bankr.N.D.Ill.1999)(Schmetterer, J.); *In re Wiley*, 224 B.R. 58 (Bankr.N.D.Ill.1998)(Schmetterer, J.); and *In re Simmons*, 224 B.R. 879 (Bankr.N.D.Ill.1998)(Lefkow, J.).

However, more recent cases have found that the Bankruptcy Court has subject matter jurisdiction over putative class members as to class claims "arising under" the Bankruptcy Code. For example, in *In re Aiello*, 231 B.R. 693 (Bankr. N.D.Ill.1999)(Katz, J.) and *In re Noletto*, 244 B.R. 845 (Bankr.S.D.Ala.2000)(Mahoney, C.J.), the Bankruptcy Courts found jurisdiction for class claims that were brought by debtors, as named representatives of a class, to recover for creditors' alleged violations of specific provisions of Bankruptcy Code. "Allowing the Bankruptcy Court to hear class actions is consistent with the intended purpose of Rule 23 [Class Actions; made applicable to ad-

versary proceedings in Rule 7023 Fed. R.Bankr.P.] and does not impermissibly extend the Court's jurisdiction." *Aiello* at 702. "Bankruptcy jurisdiction was purposefully designed to encompass all of the issues debtors could encounter in a bankruptcy case. The Court found no evidence that debtor class actions were envisioned by the drafters, but the jurisdictional statutes were written in a manner to cover even these actions. This is appropriate. Otherwise there might be no affordable universal redress for creditor bankruptcy abuses which could arise." *Noletto* at 850.

In *In re Williams,* 244 B.R. 858 (S.D.Ga. 2000), *aff'd* 34 Fed.Appx. 967 (11th Cir.2002)(Table), the District Court found bankruptcy jurisdiction under § 1334 over class action claims arising out of a defendant's violations of the automatic stay for debtors whose bankruptcy cases were commenced in the Southern District of Georgia. The Court granted the defendant's motion to dismiss only as it applied only to the class action component of the § 362 claim with respect to debtors whose cases were not commenced in that district. In *Guetling v. Household Financial Services, Inc.,* 312 B.R. 699, 704 (M.D.Fla. 2004), the District Court in the Middle District of Florida found that to the extent the alleged out-of-district class members had claims arising from their bankruptcy proceedings in other districts, those districts were the proper locations to bring those claims or to potentially pursue actions.

In the case before the Court, the Debtor has designated the putative class members as having filed a Chapter 13 petition in the Middle District of Florida. This Court finds that it has subject matter jurisdiction over the issues with regard to the Amended Class Action Complaint for Chapter 13 debtors who have filed a petition in the Middle District of Florida.

## B. Constitutional Standing

■ Article III of the Constitution provides that federal courts may only hear cases or controversies. U.S. Const. Art. III, sec. 2, cl.1. Standing is an essential part of the case or controversy requirement. The constitutional minimum requirements of standing require a plaintiff to demonstrate (1) an injury in fact; (2) that the injury is fairly traceable to the alleged misconduct of the defendant; and (3) that a favorable decision is likely to redress the injury. The Supreme Court has also made clear that an "injury in fact" must be "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

■ The Debtors in this case must meet these requirements for constitutional standing. "Inclusion of class action allegations in a complaint does not relieve a plaintiff of himself meeting the requirements for constitutional standing, even if the persons described in the class definition would have standing themselves to sue. If the plaintiff has no standing individually, no case or controversy arises. This constitutional threshold must be met before any consideration of the typicality of claims or commonality of issues required ..." *Brown v. Sibley,* 650 F.2d 760, 771 (5th Cir.1981).

In a frequently cited Eleventh Circuit case, *E.F. Hutton & Co., Inc. v. Hadley,* 901 F.2d 979, 984–985 (11th Cir.1990), the Court reviewed the constitutional requirements for standing, as set forth above. With regard to the "actual injury" requirement the Court stated, "First, the party asserting standing must have suffered actual injury or show the imminence of such injury. [*Citations omitted* ] Abstract

harm is insufficient; the litigant must establish 'actual or threatened injury.' [*Citations omitted*]" *Id.* at 984. The Eleventh Circuit Court of Appeals also stated, "When standing has been contested, it is the burden of the party claiming standing 'to plead and prove injury in fact, causation, and redressability.' [*Citations omitted*]" *Id.* at 984.

In each count of the Debtors' Amended Class Action Complaint, the Debtors have alleged, "As a result of Defendants [sic] violations of the automatic stay, Plaintiffs have suffered damages and incurred attorneys' fees and costs." (Amended Complaint, paragraphs 33, 38 and 44). There are no allegations regarding how the Plaintiffs "suffered damages" or were injured by the violation of the automatic stay by the Defendant.

In *In re Lohmeyer*, 365 B.R. 746 (Bankr. N.D.Ohio 2007), Chapter 7 debtors filed an adversary proceeding against an unsecured creditor that continued to report a discharged debt with credit reporting agencies. The Court allowed the debtors 21 days to file an amended complaint alleging, "with specificity" facts demonstrating their standing in the adversary proceeding. The Court noted that "the complaint does not show any facts alleging any injury to Plaintiffs" and "[w]hile the court must view the record in a light most favorable to Plaintiffs and assume as true any facts presented by the Plaintiffs, the court is not required to accept as true unwarranted legal conclusions or unwarranted factual inferences." *Id.* at 753.

■ In the case before the Court, the Plaintiffs must assert more than a conclusory statement that they have "suffered damages." It is the burden of the party claiming standing "to plead and prove injury in fact, causation, and redressability," Accordingly, it is appropriate to grant the Defendant's motion to dismiss, without prejudice to allow the Plaintiffs to amend their pleading.

C. Failure to State a Claim

■ The third ground for the Defendant's Motion to Dismiss is pursuant to Federal Rule of Civil Procedure 12(b)(6), failure to state a claim upon which relief may be granted. A recent opinion from the District Court for the Middle District of Florida sets forth the standards to consider for a motion to dismiss under Fed. R.Civ.P. 12(b)(6):

For the purposes of a motion to dismiss for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6), the Court must view the allegations of the complaint in the light most favorable to the plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences draw from such pleading. *E.g. Jackson v. Okaloosa County*, 21 F.3d 1531, 1534 (11th Cir. 1994); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)(abrogated on other grounds). The Court must limit its consideration to this pleading and the written instruments attached to it as exhibits. Fed. R.Civ.P. 12(d); *GSW Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir.1993). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. *Bell Atlantic Corp. v. Twombly*, —— U.S. ——, ——, 127 S.Ct. 1955, 1969, 167 L.Ed.2d 929 (2007).

*McBrayer v. Bank of America, N.A.*, 2008 WL 423478, *2 (M.D.Fla.).

In this case, one of the issues is whether the actions of the Defendant as alleged in each count of the Amended Class Action Complaint constitute a violation of the au-

tomatic stay under 11 U.S.C. § 362(a)(6). This section provides as follows:

**11 USC § 362. Automatic stay**

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

The stay had been modified pursuant to the Order Granting Citimortgage, Inc. Motion for Relief from Stay as Property Being Surrendered, which was entered prior to the date of the Defendant's Collection Letter and Mortgage Account Statements. All indications in the record show that the non-homestead real property in this case was intended to be surrendered to the Defendant pursuant to the Debtors' Chapter 13 plan. The Court notes that not all correspondence from a creditor may be a violation of the automatic stay when a debtor has stated an intention to surrender the property. For example, in *In re Whitmarsh*, 383 B.R. 735 (Bankr.D.Neb.2008) the court stated,

The lender had received relief from stay to foreclose and to offer alternatives to foreclosure. In addition to offering alternatives to foreclosure (which Debtors agree was authorized), the letters appear to be letters of the type that had to be sent for the lender to be in compliance with state foreclosure law and/or contract law, letters required by federal collection (Fair Debt Collection Practices Act) law and federal law (RESPA) regarding the status of Debtors' escrow account, and letters simply advising debtors as to the status of the loan. The lender even included a special

paragraph regarding bankruptcy in some of the letters to avoid any confusion. *The lender could not risk failing to comply with state, federal and contract law simply because Debtors had stated an intention to surrender the Property.* Until the lender completed the foreclosure, it had to comply with applicable law. Thus, I do not believe that the entry of an order of damages and/or sanctions is appropriate with regard to the specific letters indentified by Debtors.

[Emphasis supplied.] *Id.* at 736.

For the purposes of the Motion to Dismiss, however, the alleged violations of § 362(a)(6) appear to be "stated adequately," and it is not appropriate to dismiss the complaint on this basis.

■ The Amended Class Action Complaint requests damages pursuant to § 362(k) for violations of the automatic stay in each of the three counts (Amended Complaint, paragraphs 29, 35 and 40). Section 362(k)(*l*) of the Bankruptcy Code states:

**11 USC § 362. Automatic Stay**

(k)(*l*) Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

In *Hutchings v. Ocwen Federal Bank, FSB (In re Hutchings)*, 348 B.R. 847 (Bankr.N.D.Ala.2006), the Court made an extensive analysis of the requirement of § 362(h), the predecessor to § 362(k), that debtors are not entitled to recover any damages unless the debtors were injured by a creditor's stay violation. There are many cases, including *In re Craine*, 206 B.R. 594 (Bankr.M.D.Fla.1997) from this Court, which require an injury to the debt-

or (other than the attorneys fees to bring the action) by the willful violation of the automatic stay by a creditor to recover damages for violation of the automatic stay. In *In re Harris,* 374 B.R. 611 (Bankr.N.D.Ohio 2007) the Bankruptcy Court analyzed a situation where two billing statements were sent by a creditor after a debtor filed her chapter 7 petition. The court found that although such actions constituted willful stay violations, an injury must result from such violations in order to recover damages. *Also see In re Martinez,* 281 B.R. 883, 887 (Bankr.W.D.Tex. 2002)("In short, a debtor suffers no actual damages from merely being notified of a missed mortgage payment and cannot 'manufacture' such damages in the form of attorneys' fees for filing a sanctions motion that, but for those fees, has no independent basis for recovery.")

As discussed above with regard to standing, the Debtors have alleged no injury in their Amended Class Action Complaint, Without such an essential allegation, the complaint fails to state a claim for relief. *See Bell Atlantic Corporation v. Twombly,* —— U.S. ——, ——, 127 S.Ct., 1955, 1959, 167 L.Ed.2d 929 (2007)("Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.") Accordingly, it is appropriate to grant the Defendant's Motion to Dismiss on the grounds of failure to state a claim for relief, without prejudice to allow the Plaintiffs to amend their pleading.

### Conclusion

This Bankruptcy Court has jurisdiction to hear the class action complaint filed on behalf of Chapter 13 debtors who have filed a petition in the Middle District of Florida. However, the Debtors' Amended Class Action Complaint should be dismissed because they have not pled suffi-

cient injury to establish standing or to state a claim upon which relief can be granted. The Defendant's Motion to Dismiss should be granted without prejudice, and the Debtors shall have twenty (20) days from the date of this order to file a second amended complaint.

Accordingly:

**IT IS ORDERED** that:

1. The Motion to Dismiss filed by the Defendant, Citimortgage, Inc. is granted, without prejudice.

2. The Debtors shall have twenty (20) days from the date of this order to file a second amended complaint.